# INDUSTRIAL COMMISSION OF UTAH v. EVANS,
## District Judge

No. 3237.   Decided July 11, 1918.   (174 Pac. 825.)

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACTS—POWERS OF COMMISSION.   Under the Industrial Commission Act, the Industrial Commission exercises only administrative and ministerial functions, and has no judicial power, and its jurisdiction is special and limited.   (Page 402.)

2. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—POWERS OF COMMISSION—APPEALS.   Under Laws 1917, c. 100, section 87, giving the Industrial Commission full power to determine all questions within its jurisdiction pertaining to the payment of compensation, and making its decision final, the decision of the commission is final and free from judicial review only when within its jurisdiction and when the claimant and employer come within the act, the injury was in the course of the employment and in case of death, claimant is a dependent within the act.   (Page 402.)

3. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—POWERS OF COMMISSION—APPEALS.   Under section 87 of such act, the commission does not have exclusive power to determine what matters come within its jurisdiction, but the question is a judicial one for the courts.   (Page 404.)

4. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—POWERS OF COMMISSION—APPEALS—"PARTY."   Under Laws 1917, c. 100, section 87, defining the jurisdiction of the Industrial Commission, and giving either party the right to appeal from its orders, employer who contributes to insurance fund as a self-insurer, by contributing directly, or by insuring with an insurance company, has the right of appeal from the award of the commission which is alleged to have been made without jurisdiction, since it must be assumed that "party" means one in interest and not the commission, and that the Legislature intended that the commission should not use the funds illegally.   (Page 405.)

5. CONSTITUTIONAL LAW—MASTER AND SERVANT—RIGHT TO REMEDIES— WORKMEN'S COMPENSATION ACT.   Under Const. art. 1, section 11, giving a right of action in the courts for any injury, a master, under the Industrial Commission Law, has the right of appeal to the courts from the order of the Industrial Commission, as to the question of ultimate liability.   (Page 408.)

6. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—POWERS OF COMMISSION—APPEALS.   Under the Industrial Commission Law,

Original prohibition proceeding.

as to appeals from orders of Industrial Commission, employer who contributes to the State Workmen's Insurance Fund, either directly by self-insurance, or by insuring in a proper company, has such an interest in the proceeding as to entitle him to an appeal from the award, to contest ultimate liability. (Page 408.)

7. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—POWERS OF COMMISSION—CERTIORARI. Where employer's petition for certiorari to review award of Industrial Commission alleges that the commission found without any evidence that claimant was entitled to compensation, and that the order is based upon that finding, the finding and order were necessarily in excess of the power of the commission, and subject to review by certiorari under Const. art. 1, section 11, and Laws 1917, c. 100, section 87. (Page 413.)

8. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACTS — APPEALS—WAIVER. Employer's appeal from order of Industrial Commission must be timely commenced, as required by Laws 1917, c. 100, section 87, and, if not so commenced, the right to appeal from the award is waived. (Page 413.)

9. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACTS—NOTICE. Since the employer is interested in the proceeding for compensation, notice should always be given him of the filing of a claim for compensation. (Page 413.)

10. COSTS—MOOTED QUESTIONS. In a proceeding in prohibition involving mooted questions as to the construction of the Industrial Commission Act, which is brought by the Industrial Commission, no costs should be awarded. (Page 413.)

Original proceeding in prohibition by the Industrial Commission of Utah against P. C. Evans, as Judge of the District Court of Salt Lake County.

Alternative writ quashed, peremptory writ denied, and proceeding dismissed with directions.

*Dan B. Shields*, Atty. Gen., and *O. C. Dalby* and *H. VanDam, Jr.*, Ass't Attys. Gen., for plaintiff.

*Dey, Hoppaugh & Fabian* for defendant.

FRICK, C. J.

The Industrial Commission of Utah, hereinafter called the commission, commenced this proceeding in this court against Hon. P. C. Evans as Judge of the District Court of Salt Lake County to prohibit him from proceeding to try a certain action or proceeding now pending in the District Court of Salt Lake County over which said Evans presides.

Both this proceeding and the proceeding which is sought to be prohibited by this one are based upon chapter 100, Laws Utah 1917, section 306, which is commonly known as the Industrial Commission Act, and which hereinafter, for convenience, will be referred to by that name or merely as the act.

The act is too long to be inserted here. We shall hereinafter refer to such parts, however, as may be deemed necessary to elucidate the questions decided. It is sufficient for the present to state that the act is similar to the act now in force in many states of the Union which are commonly known as Employers' Liability Acts by which compensation to employees in case they are injured in the course of their employment is provided for and made payable out of what is commonly designated a state insurance fund. Under the act of this state, however, compensation may be secured by the employer in three ways: (1) By contributing directly to the state insurance fund; (2) by insuring with a proper insurance company, hereinafter called the insurance carrier; and (3) by what is styled self-insurance; that is, by depositing security with the commission to secure the payment of compensation that may be allowed under the act.

The duty to secure in advance the compensation provided for by the act by one of the foregoing methods has by this court been held to be compulsory. *Industrial Commission* v. *Daly Min. Co.*, 51 Utah, 602, 172 Pac. 301, to which case we also refer for a more specific statement respecting the provisions relating to the insurance feature contained in the act.

Recurring, now, to the application in this proceeding. It, in substance, appears therefrom that a certain proceeding is now pending, in the district court aforesaid, which is entitled

*Mammoth Mining Co.* v. *Industrial Commission of Utah et al.;* that said proceeding is one in certiorari, under our statute, to review and annul certain proceedings and orders made by the commission in favor of one Roundy, an employee of said Mammoth Mining Company, hereinafter called company, wherein he was awarded compensation for personal injuries which he claimed he had received, while "in the course of employment," and by reason of which he was entitled to the compensation provided for in the act for the character of injuries received by him. It also appears that the company is what is known as a self-insurer. That is that it has complied with the act by securing the compensation provided therein by depositing security with the commission. Mr. Roundy made application to the commission under the act for compensation, and the company, it seems, appeared and contested his right to be awarded compensation under the act upon the ground that he was not injured "in the course of employment" as specified in the act, and hence that the commission had no power or authority to award compensation under the act. The commission, however, decided that Roundy was injured "in the course of employment" as specified in the act, and made an order requiring the company to pay him the sum of $12 per week for a period of 150 weeks, payments to be made at intervals of four weeks. After said order was made the commission, however, vacated the same and entered another order, whereby it required the company to pay said Roundy the sum of $1,701.04 as compensation for his injuries, the same to be paid forthwith. The company, in its application in the district court, alleged that both the first order for the payment of $12 per week as aforesaid and the order for the payment of $1,701.04 are void and of no effect: (1) Because neither order was supported by any evidence whatever that the alleged injury of Mr. Roundy was received "in the course of employment," but that, upon the contrary, the evidence conclusively showed that the injury was not thus received; (2) because the commission had exceeded its power and jurisdiction in making the first order; (3) because the order changing the payment from $12 per week to the gross sum of $1,701.04 was

made ex parte and without any notice to the company, and without any evidence whatever to support the same, and the commission, for that reason, as well as for the reasons first stated, had exceeded its jurisdiction and power to make such an order; (4) because the company, under the act, has no remedy by appeal; and (5) because, if it be held that the act gives it no remedy to review the proceedings and orders of the commission by appeal or otherwise, the act is unconstitutional and void upon six grounds which are specifically stated in the application. We have stated the substance of the application in the briefest terms possible.

The Attorney General of the state appeared on behalf of the commission in the district court, and demurred to the application of the company upon the following grounds:

(1) "That the court has no jurisdiction of the subject-matter of the action or proceedings;" (2) "that the court has no jurisdiction over the said defendants, or either of them;" (3) that the application is ambiguous, etc.; and (4) that the application is deficient in substance.

A hearing was had upon the demurrer, and the district court overruled the same, and was about to proceed to a hearing upon the merits of the application when the proceeding in this court was commenced, as before stated. This court, pursuant to the application, issued an alternative writ of prohibition.

Counsel for the company have appeared to the writ on behalf of the district court, and have interposed a motion to quash the alternative writ upon the ground that the facts stated in the application are insufficient to authorize the granting of the relief prayed for therein or any relief, and upon various other grounds which we will now proceed to consider so far as deemed material to the controversy.

The legal questions involved in this proceeding are novel in this jurisdiction. They have, however, been very ably argued by both the Attorney General and by counsel for the company who appeared for the district court. The argument of the Attorney General, stated in general terms, is to the effect that, although the fund out of which compensation is made to employees coming within the act is derived from three sources,

namely: (1) From direct contributions to the state insurance
fund by employers; (2) from money paid by insurance car-
riers, who, for a consideration paid to them, insure the com-
pensation provided by the act; and (3) from moneys paid by
self-insurers—that nevertheless, all the funds derived from
all those sources, in contemplation of law, constitute but one
fund from which compensation is to be made to all employees
coming within the purview of the act.    That argument, to
some extent at least, is based upon our holding in *Industrial
Commission v. Daly Mining Company, supra,* that every em-
ployer coming within the act must secure the payment of the
compensation provided for by the act in advance.    In view
of the foregoing the Attorney General further argues that an
application for compensation by an employee is not a pro-
ceeding between either an employer, or one who is a so-called
self-insurer, or an insurance carrier and an employee as
claimant, but that it is essentially a proceeding between an
employee who claims compensation on the one hand and the
commission upon the other, or merely a proceeding against
the insurance fund, to which the commission is made a party
because no award or allowance for compensation under the
act can be made in favor of an employee and against said
fund except by the commission upon an application to it duly
made.    In that connection it is further contended that, inas-
much as the insurance feature of the act is compulsory and
the proceeding for compensation is against the commission
for an award against the insurance fund, therefore neither
the employer nor the insurance carrier is a necessary party
to the proceeding; and, in view that the act does not in terms
provide for an appeal or for a review of the acts or orders of
the commission in making an award for compensation, neither
the employer who contributes directly to the fund, nor one
who is a so-called self-insurer, nor an insurance carrier in-
suring compensation, has the right to review the proceedings
or orders of the commission in allowing compensation under
the act, by appeal or otherwise.    Moreover, it is insisted that
neither the employer, whether he contributes directly to the
insurance fund or whether he is a so-called self-insurer, nor

the insurance carrier who insures compensation, has such an interest in the matter as to give either a standing in court. The latter contention is more particularly based upon the hypothesis that in complying with the act the employer is discharged from all liability as against an employee who is injured in the course of his employment. It is also contended that, although it were assumed that an employer of either class or the insurance carrier has such an interest, yet the fund and orders of the commission in allowing compensation and in fixing the conditions and terms of payment are final and conclusive upon all, and are not subject to review by appeal or otherwise in the courts.

In support of the contention that an employer who contributes directly to the insurance fund has no such interest counsel cite and rely on the case of *Crockett v. International R. Co.*, 170 App. Div. 122, 155 N. Y. Supp. 692, where it is so held. That case is based upon the New York statute, however, wherein a distinction is made between an employer who directly contributes to the insurance fund and one who secures the payment of compensation by depositing security with the commission. That is, a self-insurer. As before stated, however, the Attorney General insists that under the act here in question no distinction can be made between the different kinds of employers and an insurance carrier, and that they all must be treated alike. Such, in effect, is the holding of the Supreme Court of Ohio from the statute of which state our act is very largely taken.

Upon the other propositions contended for by the Attorney General he cites and relies upon the following cases: *State ex rel. v. Creamer*, 85 Ohio St. 349, 97 N. E. 602, 39 L. R. A. (N. S.) 694; *Deibeikis v. Link-Belt Co.*, 261 Ill. 454, 104 N. E. 211, Ann. Cas. 1915A, 241; *Middleton v. Texas, P. & L. Co.*, 108 Tex. 96, 185 S. W. 556; *Woodenware Co. v. Schorling*, 96 Ohio St. 305, 117 N. E. 366; *Reinholz v. Industrial Commission* (Ohio) 119 N. E. 129; and *Stertz v. Industrial Commission*, 91 Wash. 588, 158 Pac. 256, Ann. Cas. 1918B, 354. It is, however, only fair to say that, while all of the foregoing cases are based upon acts similar to ours, yet there are some provi-

sions in our act which, to some extent at least, differentiate it from those acts. The two Ohio cases last cited are based upon an act from which a very large part of the provisions that are in our act are either taken bodily or are so modified as to comply with either substantive or adjective provisions of the laws of this state. It would require too much space to make a proper and adequate review of those cases, and we shall therefore refer only to such special features as may be deemed important in the course of these remarks.

It is but fair and just to say, however, that, at least to some extent, the arguments and contentions of the Attorney General are supported or justified by much that is said by way of argument and illustration in some of those cases. The principal question here involved, however, was not decided in any of those cases, and the Attorney General does not so contend. In support of the contention that the orders of the commission involved in the certiorari proceedings are final and conclusive, the Attorney General relies principally on the provisions of sction 87 of the act, which reads as follows:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction pertaining to the payment of compensation and benefits, and its decision thereon shall be final; provided, however, in case the final action of such commission denies the right of the claimant to participate at all in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise out of and in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant, within thirty days after the notice of the final action of such commission, may, by filing his appeal in the district court in any county of the district where the injury was inflicted, be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it. In such a proceeding, the district attorney, without additional compensation, shall represent the commission, and he shall be notified by the clerk forthwith of the filing of such appeal.

"Within thirty days after filing this appeal, the appellant shall file a complaint in the ordinary form against such com-

mission as defendant, and further pleadings shall be had in said cause, according to the rules of civil procedure, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant; and if they determine the right in his favor, shall fix his compensation within the limits and under the rules prescribed in this act; and any final judgment so obtained shall be paid by the commission out of the state insurance fund in the same manner as such awards are paid by such commission.

"The cost of such proceeding, including a reasonable attorney's fee to be fixed by the trial judge, shall be taxed against the unsuccessful party.

"Either party shall have the right to prosecute appeals to the Supreme Court as in civil cases."

In view that the section in express terms confers authority upon the commission respecting the payment of compensation and benefits, and that its decisions shall be final except as otherwise provided therein, the Attorney General insists that there can be no review by the courts. In order to determine whether the contention of the Attorney General is sound, not only the language of the section in question must receive careful consideration and analysis, but all of the other provisions of the act must be considered, and, when that is done, before arriving at a definite conclusion, we must further consider all of the provisions of the act in the light of well-recognized fundamental principles in connection with certain constitutional limitations that are relied on.

It is universally held by the courts, and there is no escape from the conclusion, that boards or bodies like the commission possess only administrative and ministerial functions, and are not clothed with judicial powers, and therefore cannot exercise such powers. By that, as pointed out 1, 2 in some of the cases cited by the Attorney General, is not meant that the commission may not hear evidence and make certain findings, which findings may be binding and conclusive, but what is meant is that the decisions of such commissions may not be made final as to all matters coming before them as an incident to the matters they may finally

determine.   Whatever the jurisdiction or power that may be conferred upon such a commission, such jurisdiction and power are, nevertheless, special and limited, and, as before stated, are merely administrative and ministerial as contradistinguished from judicial.   Upon a careful inspection of the language contained in section 87, supra, it will be observed that, although the language appears to be general, it is nevertheless restricted and limited in its effect.   The language is:

"The commission shall have full power and authority to hear and determine all questions *within its jurisdiction pertaining to the payment of compensation and benefits,* and its decision thereon shall be final," etc.   (Italics ours.)

The phrase "within its jurisdiction" necessarily includes such powers only as the act confers and it can include nothing else.   Further, the phrase "questions * * * pertaining to the payment of compensation and benefits" also necessarily is confined to the distribution of the insurance fund to those who may come within the provisions of the act and the matters necessarily incident thereto.   If, therefore, an application is made for compensation under the act, and it is conceded or not disputed that: (1) The person who claims compensation is one who comes within the provisions of the act; (2) that the right to compensation is based upon an injury which was suffered or inflicted "in the course of employment" for an employer coming within the act; or (3) that in case of the death of the employee the claimant is a "dependent" within the purview of the act—then the commission is clearly invested with jurisdiction and authority to allow compensation as provided in the act, and its decision, as stated in section 87, may well be deemed final and conclusive.   If, however, it should be made to appear that the claimant is one who does not come within the act, or that the injury is not one for which compensation may be made because it did not arise "in the course of employment," or that the employer in whose employ the claimant was injured is not one that is covered by the act, or in case of the death of the employee the claimant is not a "dependent," then the commission is clearly

without power or jurisdiction to order compensation to be made from the insurance fund or to require the employer or insurance carrier to pay any compensation under the act, for the simple reason that the claimant has no right to any part of the fund, and hence it cannot legally be devoted to such a purpose. Under such circumstances every order made by the commission affecting the fund is necessarily illegal, and, if properly assailed, cannot prevail.

It is contended, however, that the commission must decide whether it has jurisdiction or not in a given case, and that its decision is final. This presents the very crux of the question.

The statute, as we have seen, does not in express terms invest the commission with such a power. The statute merely says that the commission has jurisdiction respecting the questions "pertaining to the payment of compensation and benefits, and its decisions thereon shall be final." This language, neither in express terms nor by necessary implication, confers exclusive power upon the commission to determine the ultimate questions of whether in a given case either the employer or the employee comes within the act. In the statute it is apparently assumed that both the claimant and the employer come within the act. If that fact is conceded or not disputed, nothing remains, as a matter of course, save to determine the character and extent of the injury and to fix the amount of compensation and the terms and conditions of payment, and matters pertaining thereto, as provided in the act. Where, however, as here, the right of the commission to proceed under the act is challenged at the very threshold of the proceeding to allow compensation upon the ground that the injury is not one provided for by the act— nay, more, that it is one which is expressly excluded therefrom—the question is quite different. Where such a condition exists we find nothing in the act which prevents the right of any employer from assailing the decision of the commission respecting ultimate liability. In other words, we find nothing in the act which authorizes the commission to deplete the insurance fund by devoting it to claims not covered by the act or to require employers or insurance carriers to pay

any such claims. Nor do we find anything in the act which authorizes the commission to determine without right of review the question of ultimate liability under the act. To do that clearly is a judicial question, and when it arises, as in this case, the right to an adjudication by the courts cannot be denied. While, as is well said by the Supreme Court of Ohio in *State ex rel. v. Creamer*, supra, "the authority to ascertain facts, and to apply the law to the facts when ascertained, pertains as well to other departments of government as to the judiciary," yet it is also said in the same case, "but the ultimate question of actual liability cannot be removed from the courts." That statement, it seems to us, expresses the real distinction between judicial and mere administrative or ministerial functions. While no doubt the commission may, under certain circumstances, hear evidence and may determine the facts and apply the law to them when found, yet when its right to proceed under the act at all events is challenged—that is, when, as stated by the Supreme Court of Ohio, the "ultimate question of actual liability" under the act is involved—then a judicial question is presented which cannot be withdrawn from the courts, and recourse to them must be permitted in some form. This is precisely the contention of counsel for the company, and we feel constrained to agree with them.

The question, therefore, is, Does the act itself furnish a remedy in the courts, or must recourse be had to general legal principles for authority to pursue such a remedy? By referring to section 87 it will be seen that, if a claimant is denied compensation by the commission, then, for the reasons there stated, he is given the right of having the question respecting his right to compensation determined by the district court by "a trial in the ordinary way." If that is done the act provides that "the district attorney, without additional compensation, shall represent the commission," etc. The section further provides:

"The cost of such proceeding, including a reasonable attorney's fee to be fixed by the trial judge, shall be taxed against the unsuccessful party. Either party shall have the

right to prosecute appeals to the Supreme Court as in civil cases.''

We thus see that the section refers to ''parties'' to the proceeding, and allows costs and attorneys' fees ''against the unsuccessful party,'' and that either party may appeal to the Supreme Court ''as in civil cases.''

In view of all that is contained in other sections of the act, and all that is said about parties, costs, and attorney's fees in section 87 we are at a loss to know what is intended if it is not intended to permit an employer who comes within either class, who contests the right of the claimant to compensation under the act to contest the question of the claimant's ultimate right to receive compensation under the act from the insurance fund, or to contest the employer's or insurance carrier's ultimate liability thereunder in the courts in some form. Why provide for an attorney's fee in favor of the commission who is represented by the district attorney who cannot accept fees, who, the statute in terms provides, must act without additional compensation; that is, without any compensation in addition to that he receives by virtue of his office as district attorney? Moreover, by what right does the Legislature impose costs and attorney's fees against the commission who has, and under no circumstances should have, any personal interest, but who merely discharges the duties imposed upon it by the act? But above and beyond all, by what process of reasoning can attorney's fees be allowed out of the fund which by law is dedicated to a particular purpose, namely, the payment of compensation to such unfortunate employees as may be injured in the course of their employment? Can attorneys be compensated out of that fund? Is the injury received by the claimant in the course of his employment in contemplation of law also suffered by such an attorney? If so, upon what hypothesis? We must assume that the Legislature did not intend to have the commission devote any portion of the fund to an illegitimate or to an illegal purpose. We must further assume that in referring to parties the Legislature intended parties in interest and not the tribunal who is called on to decide.

We can readily understand why, in case the employer protests the right of the claimant to compensation and the claimant is thus forced into the courts to establish and enforce his rights, the employer should be compelled to pay all costs growing out of the litigation, and in addition thereto indemnify him for attorney's fees so as to keep him harmless. We can also understand why a claimant who wrongfully seeks to deplete a fund that is dedicated for the purpose of compensating particular persons should be required to pay costs and attorney's fees. We, however, are utterly incapable of conceiving why the commission who, as we have seen, has and can have no personal interest of any kind, should be required to sacrifice the houses, lands, or herds of the members to compensate attorneys or witnesses or to pay court costs. To assume that the Legislature intended such extraordinary and unusual, not to say wholly unjustifiable, results is to assume what, to us, seems wholly unreasonable and absurd.

While we are forced to the conclusion that the Legislature intended no such incongruous results, yet we must, if possible, give effect to all the language found in the act. In view of the well-settled principles of law and the language contained in section 87 and in the other sections of the act, there is—there can be—but one reasonable conclusion. In section 29 of the act it is provided:

"No court of this state except the district court and the Supreme Court on appeal shall have jurisdiction to review, vacate, set aside, reverse, revise, correct, amend or annul any order of the commission, or to suspend or delay the execution or operation thereof or to enjoin, restrain or interfere with the commission in the performance of its official duties provided that the writ of mandamus shall lie from the said Supreme Court to the commission in all proper cases."

While no right of appeal or review is in terms provided for in that section in cases like the one at bar, yet it is very clear that jurisdiction is intended to be and is conferred upon the courts at least for some purposes. Then, again, section 38 provides:

"The commission may in its official name sue and be sued in all the courts of the state, in all actions or proceedings arising out of anything done or suffered in connection with the state insurance fund or business relating thereto. Service of summons on any member of the commission or the secretary thereof shall be deemed service on the commission."

Here the right to have recourse to the courts "in all actions or proceedings arising out of anything done or suffered in connection with the state insurance fund or business relating thereto" is clearly given.

A careful consideration of all that is said in all of the foregoing sections forces us to the conclusion that the Legislature intended to confer precisely the same right upon the employer to test the right of the employee, or alleged employee, to participate in the fund as is given to such employee to contest his ultimate right of recovery if it is denied by the commission. In other words, where the ultimate liability of the employer or insurance carrier, or the ultimate right of the employee to participate in the fund which is provided by statute is involved, then the right to have recourse to the courts is given under the conditions stated in section 87.

We remark that while under section 27 recourse to the courts is clearly given to all interested parties with respect to all matters that are covered by that and the preceding sections of the act, yet counsel for the company very frankly concede in their brief that section 27 has no application here, in which opinion we are inclined to join.

Counsel representing the district court, however, further insist that, although it were held that the act itself does not authorize the question of ultimate liability of the employer to be reviewed on appeal or by direct action, yet that right exists independently of the act. In that connection counsel refer to article 1, section 11, of our Constitution, which provides:

"All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be

barred from prosecuting or defending before any tribunal in this state, by himself or counsel, or any civil cause to which he is a party."

While it is true that what is there said refers to judicial as contradistinguished from administrative or ministerial acts, yet, as we have seen, the question of ultimate liability is necessarily a judicial one. In view of that, counsel insist that the right to determine the question of ultimate liability cannot be withdrawn from the courts. It would seem that such was also the opinion entertained by the Legislature respecting the right of the employee to test his right to compensation if that right is denied by the commission. If, under the constitutional provision, the employee is entitled to test his right to compensation in the courts, it necessarily follows that, if he may have recourse to the courts to protect his property rights all others must be accorded the same privilege. In this connection we also feel constrained to say that for the reasons hereinafter stated we cannot concur in the views expressed by the Supreme Court of New York, as those views are reflected in the case of *Crockett v. State Insurance Fund, supra*. Quite apart from the fact that the decision in that case is by a divided court and does not emanate from the highest court of the state, we are inclined to doubt its application to the provisions of the act in question here. The decision is based upon the hypothesis that an employer who contributes directly to the insurance fund has no such interest in a claim preferred against the fund as will give him a standing in court. It is conceded by the writer of the opinion in that case that such an employer may be affected by having the insurance rates increased in case spurious claims are allowed and paid out of the fund, but it is said such an interest is too remote to give him a standing in court. It is, however, held in the opinion that a self-insurer has such an interest. As a matter of course it could not be denied that in the case at bar the company has such an interest, since it, by the order of the commission, is required to pay the sum of $1,701.04. It would seem that that at least is a sufficient interest to entitle it to have recourse to

the courts under the section of our Constitution we have quoted. Upon principle, however, in what way does the interest of the employer who makes direct contributions to the state insurance fund differ from the interest of the self-insurer? The difference, if any, is one of degree and not of kind. True, the former would not be required to pay the amount awarded to the employee directly, but he of necessity would be compelled to do so indirectly by making the contributions to the state insurance fund. The greater the drafts upon that fund the greater will be the demands upon the employer who is insured therein in case the number of contributors is the same. But even if the number of contributors is increased, the volume of liability in all probability will be correspondingly increased. In any event, therefore, such an employer is interested in preventing spurious claims from being allowed and paid out of the state insurance fund. It is self-evident that every claim that is allowed and paid out of the insurance fund must of necessity increase the contributions of each insurer in the fund, and such insurer must therefore correspondingly increase the amount of his contributions. If, therefore, the Attorney General is right—and we are inclined to the opinion that he is—in the contention that under our act all employers, whether they are insured in the state insurance fund, and hence are direct contributors thereto, or whether their risks are carried by an insurance carrier, or whether self-insured, must, nevertheless, be treated alike, it necessarily follows that his other contention that the employers have no such interest as entitles them to have recourse to the courts to prevent spurious claims from being allowed and paid is manifestly untenable and cannot prevail. The purpose and provisions of the act are beneficent, just, and practical. Its provisions should therefore be enforced with as little expense and delay as is consistent with fairness, reason, and justice. While it is true, as suggested by the Attorney General, that one of the principal objects in adopting the act was to prevent delay and expense to the unfortunate employee who may be injured in the course of his employment and to those dependent upon him for support,

yet it is also true that both justice and fairness demands that some method be provided to prevent spurious and illegitimate claims from being allowed and paid out of the fund, which, to say the least, is necessarily limited, and perhaps already too small to pay a fair and reasonable compensation to those who come within the purview of the act. If spurious and illegitimate claims are allowed, both the employers and the employees covered by the act must suffer. We know of no better way to prevent illegitimate claims from being preferred and allowed than by permitting those interested in the state insurance fund to contest all claims that are preferred by employees or ''dependents'' who do not come within the act, or where the alleged injuries are not included therein. True, some delay may arise, but the delay only occurs in those cases where there are good grounds for contesting ultimate liability on the part of the employer or the ultimate right of recovery by the claimant. When those questions do not arise—and they necessarily can arise only in a few and exceptional instances—the findings and orders of the commission respecting the amount, terms, time, and condition of payment and the nature and extent of the injuries are necessarily final and not subject to review by the courts.

Counsel representing the district court, however, further insist that that court has jurisdiction of the certiorari proceedings upon the ground that the commission has exceeded its power and jurisdiction in making an order allowing compensation and in modifying the first order without any evidence whatever that the claimant was entitled to compensation under the act. Counsel contend that the question of whether the claimant, as well as whether the alleged injury, was within the purview of the act is necessarily judicial, and if either the claimant or the claim does not come within the purview of the act the commission is without jurisdiction to proceed to make an allowance, and, further, the allowance it may make under such circumstances is void. It is therefore contended that where, as here, the right of the claimant to receive compensation under the act is contested

and the commission finds in his favor, in the absence of any substantial evidence to support the finding and the order allowing compensation, and the order requiring payment to be made, both the finding and the order are necessarily in excess of jurisdiction, and hence void. It is also contended that, although it were held that the applicant for the writ of certiorari was given no right in the act itself to have the finding and order reviewed, yet, under the circumstances just stated, it would nevertheless have the right to review the finding and order by suing out a writ of certiorari upon the ground that the acts of the commission were without or in excess of jurisdiction. In support of that contention counsel cite and rely on the case of *Courter v. Simpson Construction Co.*, 264 Ill., where, at page 494, 106 N. E. 353, the court, in passing on a case similar to the one at bar says:

"It seems clear the Legislature would have no power to deprive the parties of the right to have a court review the action of the board to the extent of determining whether the board had acted illegally or without jurisdiction."

The term "illegally" does not refer to a mere error of judgment in a matter where jurisdiction is clear, but it refers to an act not sanctioned by law in any event.

In the same case, and upon the same subject, the court further says:

"The industrial board has no jurisdiction to apply the act to persons or corporations who are not subject to its provisions, nor to an accident not within the provisions of the act. If it did so, it would not be 'acting within its powers,' and it would seem essential that there must be some remedy for a review by some proper court of the question whether the board acted within its powers. No valid provision having been made in the act for such review, it does not follow that none can be had. We have no doubt the circuit courts have jurisdiction to issue the common-law writ of certioarari to review the decisions of the board for the purpose of determining whether it had jurisdiction or whether it had exceeded its powers and acted illegally."

We are further constrained to hold that—in view that it is alleged in the application for the writ of certiorari filed in the district court that the commission found without any evidence whatever that the claimant was entitled to

Original prohibition proceeding.

receive compensation under the Act, and that its order is based upon that finding—the finding and order were necessarily in excess of its power and jurisdiction, and hence subject to review by certiorari under our Constitution and statute.

In conclusion we desire to state that we do not wish to be understood by anything we have said herein as holding that the right of review, either by an ordinary action or by writ of certiorari, exists except where the question of ultimate liability on the part of the employer is denied, or where the ultimate right of the claimant to compensation is denied upon the grounds stated in section 87, supra. We further hold that the action or proceeding to review the finding or order of the commission must be timely commenced as indicated in section 87, and before the compensation has been paid to the employee; otherwise the right to question his right to compensation under the act must be deemed waived. While the statute is not specific respecting the procedure before the commission, yet at the hearing in this court it was stated in open court that the commission has formulated and adopted rules whereby the employer is notified of all claims filed by employees. The act provides that notice to the insured employer is notice to the insurance carrier. In view that the employer's interest, as we have indicated, is such as to entitle him to a hearing, notice should, in every case, be served on the employer in whose service it is alleged the claimant received the injuries complained of. No possible hardship can result to any one by requiring the employer to make timely objection and to proceed forthwith in the courts if he desires to review the acts of the commission in allowing the compensation under the act. We are also of the opinion that, in view that this application is made by the commission, and especially in view, as suggested by the Attorney General, that it was commenced for the purpose of settling the mooted questions which arise under the act, no costs should be awarded.

It follows from what has been said that the alternative writ heretofore issued should be, and it accordingly is, quashed,

and a peremptory writ is denied. This proceeding is dismissed and the district court is directed to proceed to hear and determine the proceeding in certiorari instituted in that court.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.