MARYLAND CASUALTY CO. et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4801.    Decided May 9, 1929.    (278 P. 60.)

*Bagley, Judd & Ray,* of Salt Lake City, for plaintiffs.

*George P. Parker,* Atty. Gen., and *M. Logan Rich,* Asst. Atty. Gen., for defendants.

CHERRY, C. J.

This proceeding is to review an award of compensation made by the Industrial Commission under the Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165, as amended) in favor of Margaret Reeves, upon findings that she sustained an accidental injury to her back in the course of her employment by S. H. Kress & Co. in its store at Salt Lake City, which resulted in her disability.

The award is assailed upon the grounds (1) that there was no substantial evidence to support the finding of the commission that the disability of the employe was caused

by, or was the result of, an accident, and (2) that the claim was barred by the statute of limitations. The evidence of the accident and its causal connection with the disability is brief and undisputed. At noon on October 12, 1926, the employe, in the course of her employment, was going down stairs to her work when she slipped and fell and struck upon her back. She thought the injury not serious, and declined to go to a physician. She worked the afternoon of the day of the accident, but remained at home for the succeeding three days. She then resumed work, and continued in her employment until December 19, 1927, when she discontinued work. On June 23, 1928, she filed her application for compensation. She testified that when she fell she struck her back, that since that time she had some trouble with her back, and that it has been growing progressively worse; in December, 1927, she was operated on for appendicitis, which gave her no relief, and that since she has been under the care of Dr. Van Scoyoc.

Dr. Van Scoyoc testified that he first examined the employe on February 28, 1928; that she gave him a history of having been sick for quite a while and of being in the County Hospital to have her appendix out; that she had not been relieved by the operation; that she had thereafter been treated by Dr. Alexander, who thought he found something in her lung, and he sent her down to the witness for examination with special reference to the lungs. Dr. Van Scoyoc examined her, and thought he found some sort of a mild infection in her right lung, but could not prove it without an extensive study of X-rays. He stated:

"I went over this back situation that she complained of. First I put her in bed and thought that she would clear up by rest in bed. I went to see her a number of times. I used to go out there about twice a week or something like that. I examined her back carefully one day out there and she seemed to have some tenderness down on the right side and as near as I could make out, it extended down over the sacro iliac joint, and some of the pains seemed to be higher. At that time I learned—I learned her back history. At the office she told me of the fall she had at the store. She rather minimized that herself, but her

mother told me she was off three days with it, and her mother saw the lady who had charge down at the store."

Upon being asked if he would care to venture an opinion whether her trouble in her back was the result of the fall, the doctor replied:

"No, other than the history is like that condition, she didn't think she hurt herself enough for medical attention. They wanted to send her a doctor, but she was opposed to doctors, as I remember. Her back hurt her, she said, for about three days, and her condition has gradually grown worse since that time, according to her story. I would not want to make a positive statement, but I would not be surprised from her history, if that wasn't due to some injury. Whether it was or not, I don't know."

It was then agreed that Dr. Van Scoyoc should obtain X-ray pictures, consult with Dr. D. K. Allen, and submit in writing his opinion as to the present disability of the employe and the cause thereof. Later a report of X-ray examination dated August 3, 1928, was filed with the commission as follows:

"Examination of lumbar spine shows no definite abnormality. The right sacro iliac joint is less clear out in appearance than the left. There is rudimentary spina bifida at the top of the sacrum.

"Suspicious of right sacro iliac arthritis."

Drs. Van Scoyoc and Allen signed and filed a report dated August 8, 1928, as follows:

"Relative to the examination of Margaret Reeves, employee of Kress Company, we are unable at this time to make a definite diagnosis.

"This claimant has tenderness of the lumbar muscles on the right side, with more or less oedema, she has some tenderness over a right sacro iliac joint as well as tenderness over the dorsal vertebra.

"We are unable to say whether this infection is traveling down into the lumbar muscles from this area or not, but it is suspicious of a condition of this type.

"We recommend that this claimant be placed in a hospital for a month for observation and treatment as her condition warrants hospitalization."

On August 20, 1928, without any further evidence or medical reports concerning the nature of the physical condition of the employe, or the cause thereof, the commission made its findings to the effect that the employe in the course of her employment sustained an accidental injury resulting in sacroiliac arthritis, causing disability on and after December 19, 1927, and awarded compensation from that time.

We think the evidence is insufficient to support a finding that the employe is suffering from a disability caused by the accidental fall. The evidence amounted to only a suspicion that she was affected with sacroiliac arthritis. The doctors were unable to make a definite diagnosis, and recommended further observation. The physical cause of her disability is therefore left in doubt. The accident occurred over a year before the disability. Appendicitis and lung infections were shown to have intervened. The doctors were unable to discover from what physical ailment the employe was suffering, or what disabled her. To say from this evidence that she was suffering from sacroiliac arthritis, which was the result of an accidental fall occurring more than one year before, is mere surmise. It is not a conclusion based upon any reasonable basis of fact, and cannot be sustained.

The next question is whether the employe's claim for compensation is barred because not presented or filed with the Industrial Commission within one year from the date of the accident. The accident occurred October 12, 1926, and the claim was filed June 23, 1928. While the Workmen's Compensation Act prescribes no limit of time during which claims for compensation of injured employes, must be filed, it is settled that such claims must be prosecuted within one year, under the general provision (Comp. Laws Utah 1917, § 6468) that an action for a liability created by statute must be commenced in one year. *Utah Consol. Min. Co.* v. *Industrial Commission*, 57

Utah 279, 194 P. 657, 16 A. L. R. 458; *Aetna Life Ins. Co.* v. *Industrial Commission,* 66 Utah 235, 241 P. 223. But, on behalf of the employe, it is argued that the time limited by law for prosecuting her claim did not commence to run until her injury culminated in disability, which was on December 19, 1927, and that therefore her claim was filed within time. Cases cited to support this view are *Esposito* v. *Marlin-Rockwell Corp.,* 96 Conn. 414, 114 A. 92; *Hustus' Case,* 123 Me. 428, 123 A. 514; *Johansen* v. *Union Stock Yards Co.,* 99 Neb. 328, 156 N. W. 511; *City of Hastings* v. *Saunders,* 114 Neb. 475, 208 N. W. 122; *Guderian* v. *Sterling Sugar & R. Co.,* 151 La. 59, 91 So. 546; *Brown's Case,* 228 Mass. 31, 116 N. E. 897; *Hornbrook-Price Co.* v. *Stewart,* 66 Ind. App. 400, 118 N. E. 315. The Connecticut, Massachusetts, and Indiana cases above cited deal with the question of notice to the employer, which is a statutory requisite to compensation, and interpret their respective statutes as permitting such notice to be given within the required time after disability or the culmination of the injury, where such occurs at a period subsequent to the time of the accident or other cause producing disability. These interpretations are of no aid here, because, respecting that subject, our act (Comp. Laws Utah 1917, § 3156x, as added by Laws 1921, c. 67) explicitly provides "that if no notice of the accident and injury is given to the employer *within one year from the date of the accident,* the right to compensation shall be wholly barred."

The cases cited from Maine, Nebraska, and Louisiana consider and determine the limitation of time for making claim to the appropriate tribunal for compensation, and interpret their respective statutes (which limit the time respectively from the "occurrence of the injury," and "after the injury") as permitting claims for compensation to be maintained, if presented within the prescribed time limited, computed from the time when disability occurred. On the other hand, the proposition that the time limited for prosecuting claims for compensation must be computed from the

occurrence of the accident which causes injury and disability is supported by judicial interpretations in several states. Notably in *Cooke* v. *Holland Furnace Co.*, 200 Mich. 192, 166 N. W. 1013, L. R. A. 1918E, 552, after a careful consideration and review of the authorities, the court concludes that, under a statute requiring claims to be made within six months after the occurrence of the injury, the limitation period begins to run at the time of accident, and not when disability is found to result. In *Lough* v. *State Industrial Accident Comm.*, 104 Or. 313, 207 P. 354, it is held that a statute providing that no claim for compensation, etc., shall be enforceable "unless * * * filed within three months after the date upon which the injury occurred," refers to the date of the accident and inception of the injury, not the date of appearance, of a consequent physical condition. To the same effect is *O'Esau* v. *E. W. Bliss Co.*, 188 App. Div. 385, 177 N. Y. S. 203.

A similar conclusion is reached in *Ehrhart* v. *Industrial Accident Comm.*, 172 Cal. 621, 158 P. 193, Ann. Cas. 1917E, 465, under a statute fixing a general limitation of six months "from the time of accident." The right to compensation of an injured employe under the act of this state is subject to denial (1) if he fails to comply with section 3156x, supra, with respect to giving notice to his employer, and (2) if he fails to file his application with the Industrial Commission within the time prescribed by the general statute of limitations for an action for a liability created by a statute. By express statute the notice to the employer must be given within one year from the date of the accident. But there is no express statutory provision with respect to when the time limited for filing the claim for compensation shall begin to run. The general rule with respect to actions for personal injuries is that the time runs from the date when the injury was inflicted or when the accident happened which caused the injury or damage. 37 C. J. 897. Under the Workmen's Compensation Act, only injuries resulting from accident are compensable. The

basis of the right to compensation is the occurrence of an accident and consequent disability. The act subjects employers to a liability, based not upon fault or wrong, but on general and impersonal economic considerations. Summary processes are provided for the enforcement of the liability to the end that the loss or earnings may be speedily relieved. Most just claims can be speedily asserted. Lapse of time opens opportunity for fraudulent and spurious claims, and makes defense on the facts by the employer difficult. It is wholly consistent with the spirit and purpose of the whole policy that the remedy be narrowly limited in point of time. Assuming a compliance with the requirement of notice to the employer, the theory advanced in behalf of this award would permit an employe to maintain a claim for compensation at any future time after an accident, however remote, if he was able to show that he first became disabled within one year next preceding the filing of his claim. We cannot give assent to such an interpretation. In view of the spirit and purpose of the act, and its express language with respect to the time limitation for notice to the employer, and the principles of law which we think properly apply to the question, we conclude that the limitation of time within which a claim for compensation of time within which a claim for compensation may be filed must be computed from the time of the industrial accident which is the essential ground and basis for the claim.

It follows that the claim in question was not presented in time, but was barred by Comp. Laws Utah 1917, § 6468.

AWARD ANNULLED.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.