PALLE et al. v. INDUSTRIAL COMMISSION et al.

No. 5316.   Decided January 18, 1933.   (18 P. [2d] 299.)

*Lewis Jones,* of Brigham City, for plaintiffs.

*Joseph Chez,* Atty. Gen., and *Byron D. Anderson,* Special Deputy Atty. Gen., and *J. Wesley Horsley,* of Brigham City, for defendants.

MOFFAT, J.

On January 13, 1932, this court rendered a decision bearing the same title as the instant case. 7 P. (2d) 284, 81 A. L. R. 1222. The record in that case is made a part of the record in this case. In the former case application for compensation was made against J. A. Palle individually, and he only was served with notice or made a party. The evidence given by J. A. Palle and others showed, and the commission found, that the business in which the applicant was employed was a copartnership carried on in the firm name of J. A. Palle & Sons, consisting of J. A. Palle, F. A. Larsen, and H. A. Palle. No notice or jurisdictional steps had been taken to bring the partnership or F. A. Larsen and H. A. Palle before the commission or make them parties to the proceeding, yet the commission rendered a decision against the partnership and the individual members thereof. The decree was held to be invalid upon the ground

"a suit against one in his individual capacity on only an alleged individual claim, there is not anything in the pleadings to advise him that the demanded claim is against a partnership or against him as a member of a copartnership, he is under no obligation to set up a nonjoinder of his partners,"

and set aside the award. 7 P. (2d) 284, at page 288, 81 A. L. R. 1222.

The court further found:

"That the finding of the commission to the extent that the partnership in its usual and regular business on the day and at the time of the injury had three men in its service, rendering itself subject to the provisions of the Compensation Act, is sustained by sufficient evidence and is approved. But * * * the order granting the award

is annulled and vacated and the cause remanded to the commission with leave to the applicant to apply to the commission for such proper amendments to his application for compensation as he in accordance with the views herein expressed and in the premises may be entitled to." 7 P. (2d) 284, at page 291, 81 A. L. R. 1222.

In pursuance of the order of this court, the applicant, Lloyd Jensen, filed his "Supplemental Amended Application" with the Industrial Commission on January 27, 1932. Thereupon the commission ordered J. A. Palle, F. A. Larsen, and H. A. Palle "to appear and attend a hearing before the Industrial Commission of Utah to be held at the County Court House at Brigham City, Utah," on a date specified. Notice of this hearing was served upon the parties together with certified copy of order or resolution of the commission. Issues were joined. The matter was continued, but finally heard and submitted to the commission for decision.

On the 18th of March, 1932, the commission rendered its decision finding that J. A. Palle, F. A. Larsen, and H. A. Palle were copartners, doing business as J. A. Palle & Son; that the applicant was in the employ of the copartnership; that the applicant was injured by reason of an accident arising out of or in the course of his employment; that the copartnership should be required to pay the applicant as set out in the findings, etc. Petition or application for rehearing was made and denied, and the matter is again before this court on petition for a writ of review.

Three main grounds or issues are urged for the setting aside of the award: (1) That H. A. Palle and F. A. Larsen were denied their day in court upon the issues tendered; (2) that the plaintiffs were denied their right of trial by jury; and (3) that this last proceeding is barred because not initiated within one year from the date of the injury. After the issues were joined and the matter called for hearing, the record shows:

"Commissioner Knerr, addressing Mr. Jones, counsel for plaintiffs: It is my understanding, Mr. Jones, that in paragraph 1 you admit

that J. A. Palle, F. A. Larsen, and H. A. Palle were a copartnership, doing business as J. A. Palle & Sons?

"Mr. Jones: Yes, we admit that, Mr. Knerr. These statements settle the question as to the parties and their being properly before the commission."

The commissioner then proceeded to read from the answer of the defendants, and, as the various paragraphs were completed, announced: "This issue was before the Supreme Court and the Supreme Court has already judicially determined that question." The issues thus summarily disposed of as contended by plaintiffs related to: (1) The partnership having three or more operatives regularly employed; (2) that the injury was sustained because of disobedience of orders (3) that the employment was casual and not in the course of business; (4) that applicant was a domestic servant; (5) that the failure to secure protection was not willful; and (6) that costs on appeal had not been paid.

It was then announced by Mr. Knerr:

"The Commission will proceed to take evidence on the issues before us. Are you ready Mr. Jones?

"Mr. Jones: I am.

"Mr. Horsley (counsel for defendant Lloyd Jensen): May it be stipulated at this time that the record of the hearing which was had at the beginning of this case shall be offered and are now offered and considered as a part of the record in this hearing, in order to eliminate repetition of all that testimony?

"Mr. Jones: I think we can stipulate on that Mr. Horsley. Of course I take it that under the Commission's ruling that only those parts will be considered that are pertinent to the issues as determined by the Commission.

"Com. Knerr: Yes, as I understand it the entire record is now made a part of this proceeding to be considered by the Commission.

"Mr. Jones: So far as the issues are made up.

"Com. Knerr: *So far as it pertains to any issues in this case.*" (Italics added.)

Then at the close of the taking of testimony the following colloquy occurred:

"Mr. Jones: That is all we have.

"Com. Knerr: You have no desire to offer any additional evidence?

"Mr. Jones: Not on the issues as now made up.

"Com. Knerr: You don't have any additional evidence?

"Mr. Jones: No.

"Com. Knerr: Are you willing to submit the case on the record?

"Mr. Jones: Yes."

This court is convinced from the record thus made that the plaintiffs were not denied the right to be heard upon any issue upon which they may have desired to submit evidence. The discussion between the commissioner and counsel does not reveal that full candor and freedom that might have characterized the discussion of such a situation. Certain mental reservations or possible implications on the part of counsel that the proceeding was going forward on one basis while the Commissioner had another in mind may possibly be inferred. There was apparently not a complete meeting of minds, yet we are convinced that, in view of all that was said and done, plaintiffs were not deprived of any substantial right. They could have offered evidence upon any subject which in their view or theory of the case constituted an issue, and, had that offer been made and rejected, a record of the matter could have been made and presented here for review. No tender or offer of evidence having been made, we are of the opinion no prejudice to plaintiffs has been shown.

The commission denied the application of plaintiffs for a trial by jury. Plaintiffs urge that they were entitled to jury trial of the issues of fact raised by the pleadings, for the reason the partnership at the time of the injury "was not carrying workmen's compensation insurance," and therefore they were entitled to have the issues of fact determined by a jury. Counsel makes it clear that it is not claimed that every party is entitled to a jury trial in compensation cases, but only where the employer has failed to take out insurance. The constitutionality of the statute in this particular is not raised, nor do we see how

it could have been in this particular proceeding. Comp. Laws Utah 1917, § 3130, as amended by Laws of Utah 1919, c. 63, p. 160.

The jurisdiction of the Industrial Commission is special and limited. *Industrial Commission* v. *Evans,* 52 Utah 394, 174 P. 825. There is no provision in the Workmen's Compensation Act for a trial by jury; hence the commission had no power to grant the demand for a trial by jury of an issue of fact. It is not a court, and court procedure is not applicable to proceedings before the Industrial Commission. Comp. Laws of Utah 1917, § 3149; *Taslich v. Industrial Commission,* 71 Utah 33, at page 40, 262 P. 281, at page 283. On proceedings for review of cases certified to the Supreme Court:

"The review shall not be extended further than to determine whether or not: (1) The Commission acted without or in excess of its powers. (2) If findings of fact are made, whether or not such findings of fact support the award under review." Comp. Laws Utah 1917, § 3148, as added to or amended by Laws of Utah 1919, c. 63, as amended by Laws of Utah 1921, c. 67.

The commission having no power to grant a trial by jury, it neither acted without nor in excess of its powers. It simply refused to act. No question is raised in this proceeding as to the validity of the statute, and may not be in this proceeding. If such question is sought to be raised, it must be done in some other manner. Upon this application for a writ of review this court is limited in its review to the two matters above stated.

Plaintiffs' claim that the "last" proceeding is barred because not initiated within the one year prescribed by law from the date of the injury. Presumptively plaintiffs are attempting to make two proceedings out of this case; the first on that proceeding brought to this court for review and decided and remanded to the commission for amendment and further proceedings, and the "last" case the one now before this court. The record shows: The applicant was injured May 2, 1930. The applicant notified the Industrial

Commission of the injury on June 2, 1930. June 9, 1930, the commission received a communication from the applicant which the commission treated as an application for compensation. The record further discloses than on the 2d day of July, 1930, notice of hearing of application for adjustment of claim was served by mail upon Lloyd Jensen, the applicant, and J. A. Palle, one of the plaintiffs, advising them that an application for compensation for injury had been filed, and that July 16, 1930, at "The City Hall, Brigham City, Utah," was the time and place fixed for hearing. J. A. Palle answered, and the hearing was held pursuant to the notice. At the hearing J. A. Palle, F. A. Larsen, and H. A. Palle, all of the present plaintiffs, appeared and testified; each testifying to the existence of a partnership between them. The commission so found, and rendered judgment against all three of them. That judgment was set aside by this court [7 P. (2d) 284, 81 A. L. R. 1222], because the commission acted without power to render a decision against F. A. Larsen or H. A. Palle, or the partnership, none of them being parties to the proceeding.

In remanding the matter to the commission for further proceedings, the court said:

"The award is annulled and vacated and the cause remanded to the commission with leave to the applicant to apply to the commission for such proper amendments to his application for compensation as he in accordance with the views herein expressed and in the premises may be entitled to." January 18, 1932.

After some correspondence between the commission and counsel for applicant and counsel for plaintiffs, on February 29, 1932, a supplemental amended application was filed with the commission. Upon this issues were joined; all of the plaintiffs answering and appearing as witnesses as in the former hearing.

This court has heretofore held that:

"While the Workmen's Compensation Act prescribes no limit of time during which claims for compensation of injured employees must be

filed, it is settled that such claims must be prosecuted within one year, under the general provision (Comp. Laws Utah 1917, § 6468) that an action for a liability created by statute must be commenced in one year." *Maryland Casualty Co.* v. *Industrial Commission*, 74 Utah 170, 278 P. 60, 61, and citing *Utah Consol. Min. Co.* v. *Industrial Commission*, 57 Utah 279, 194 P. 656, 16 A. L. R. 458; *Aetna Life Ins. Co.* v. *Industrial Commission*, 66 Utah 235, 241 P. 223.

In addition to this limitation, there is also a limitation imposed by the Workmen's Compensation Act relating to notice to the employer of the injury and accident. Laws of Utah 1921, chap. 67, p. 182, § 3156x, as an added section to the Compensation Act, Comp. Laws Utah 1917. This section, among other things, relating to knowledge of the injury obtained by the employer, or his agents, specifically provides:

"That if no notice of the accident and injury is given to the employer within one year from the date of the accident, the right to compensation shall be wholly barred."

Both of these matters, to be available in this court for review, must be presented to the Industrial Commission and made a part of the record. Neither of these questions was raised by the answer, and are for the first time presented on this writ of review. They may not now be considered by this court. *Utah Delaware Mining Co.* v. *Industrial Commission*, 76 Utah 127, 289 P. 94; *Chief Consolidated Mining Co.* v. *Industrial Commission*, 78 Utah 447, 4 P. (2d) 1083.

We are of the opinion that the objections of the plaintiffs are not well taken, that the Industrial Commission acted within its powers, and that the findings of fact support the award. The award is therefore affirmed. Defendant to recover costs.

ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

STRAUP, C. J.

I too concur. H. A. Palle and F. A. Larsen not being parties to the prior proceeding [7 P. (2d) 284, 81 A. L. R. 1222], for that reason not anything determined by the prior decision was binding as to them or either of them. Thereafter, by the filing of an amended application, they as well as the partnership were made parties. To that they appeared and answered to the merits. Not having raised the question of the statute of limitations before the commission, they are precluded from raising it for the first time in this court. On the evidence adduced on the second hearing to which they were parties, I think the order was justified.