RODRIQUEZ v. INDUSTRIAL COMMISSION et al.

No. 5465. Decided April 9, 1935. (43 P. [2d] 189.)

For former opinion, see 86 U. 266; 38 P. (2d) 748.

*D. H. Oliver*, of Salt Lake City, for plaintiff.

*Joseph Chez*, Atty. Gen., and *Grover A. Giles*, Deputy Atty. Gen., for defendants.

FOLLAND, Justice.

The original opinion in this case is published in 86 U. 266; 38 P. (2d) 748. A majority of the court believe the motion for a rehearing should be denied. The decision rests upon and reaffirms the rule first announced in *Utah Consol. Min. Co. v. Ind. Comm.*, 57 Utah 279, 194 P. 657, 16 A. L. R. 458, making applicable to compensation cases the statutory one-year limitation with respect to commencement of actions or special proceedings of a civil nature. Comp. Laws Utah 1917, § 6468, par. 1, now R. S. Utah 1933, 104-2-26, par. 1. This decision has been followed and reaffirmed in *Aetna Life Insur. Co. v. Ind. Comm.*, 66 Utah 235, 241 P. 223, and *Maryland Cas. Co. v. Ind. Comm.*, 74 Utah 170, 278 P. 60. Many reasons exist why there should be a limitation of time within which proceedings for compensation under the Industrial Act may be commenced, and particularly where it is claimed

a present disability was attributable to previous accidental injury. Any limitation of time which may be fixed is likely to cause injustice in an individual case. In matters of this nature, substantial justice is better promoted by adhering to a definite rule, deliberately made and reaffirmed after ample consideration, than by attempting to change such rule because it may now be thought the reasons assigned for its adoption were not the best.

It is certainly within the prerogative of the Legislature to establish a different rule if the one announced by this court is believed to be unjust or inadequate. Eight regular legislative sessions have been held in the fifteen years since the decision in the Utah Consol. Mining Co. Case was announced, but no change has been made. If the rule is changed or modified, it should be by legislative enactment and not by the overruling of the decisions which have become part of the settled law on the subject.

The motion for rehearing is denied.

ELIAS HANSEN, C. J., and EPHRAIM HANSON and MOFFAT, JJ., concur.

WOLFE, Justice (dissenting).

I think the petition for a rehearing should be granted. The opinion is based on the case of *Maryland Casualty Co.* v. *Ind. Comm.*, 74 Utah 170, 278 P. 60, which follows the case of *Aetna Life Ins. Co.* v. *Ind. Comm.*, 66 Utah 235, 241 P. 223, both of which cases are founded on the case of *Utah Consolidated Min. Co.* v. *Ind. Comm.*, 57 Utah 279, 194 P. 657, 658, 16 A. L. R. 458. In my opinion the Utah Consolidated Minin Co. case is incontestable erroneous. I see no reason why we should continue to perpetuate the error. That case was founded upon an interpretation of what was then part of section 6468, Comp. Laws Utah 1917, now carried as paragrap 1 of section 104-2-26, R. S. Utah 1933, reading: "On action for liability created by the statutes of a foreign state

or by the statutes of this state, other than a penalty or forfeiture under the laws of this state, except where in special cases a different limitation is presented by statute" must be commenced "Within one year." What was then known as section 6492, Comp. Laws Utah 1917, and what is now carried as section 104-2-47, R. S. 1933, reads:

"The word 'action,' as used in this chapter, is to be construed, whenever it is necessary to do so, as including a special proceeding of a civil nature."

It was held that, if an application was not an action, at least it was a special proceeding of a civil nature. The opinion was written in the early days of compensation. Lawyers and judges had been schooled in the juridical conceptions which knew no such a thing as compensation. Compensation was a new conception in the law. Payment of compensation did not depend on a right or a wrong. Juridical conceptions known to the bar involved, first, a primary right, whether such primary right arose by virtue of a contract, statute, or the common law; second, a violation of that primary right which constituted the wrong; and, third, a secondary right, to wit, the right to bring an action in the courts for redress of that wrong. Every special proceeding, certiorari, prohibition, quo warranto, habeas corpus, condemnation, also involved the like conception of a duty and the violation of the duty, or a right and an invasion of that right, or what was known as a wrong. Injunction and receivership were ancillary to actions for the redress of wrongs. Proceedings under eminent domain had less that complexion than any of the other special proceedings, yet it proceeded upon the theory that one who was entitled to take property for a public use would do the other a wrong and should make compensation therefor. Voluntary dissolution of a corporation, of course, involved no conception of right or wrong, nor did it involve in any way a statute of limitation.

Compensation, on the other hand, was founded upon the idea that the human beings in industry were as important at

least as the machines; that, if machines became disabled, the industry replaced them and charged the cost upon the product; that the same should be done regarding disability of humans engaged in industry. Even if the employee were wholly wrong, wholly negligent, and the accident due altogether to his negligence, unless it was willful, he should recover compensation. The law never investigated the question as to whose fault it was, the employer's or the employee's. Each employer was required to pay compensation when the prerequisite conditions pertained, and for that purpose there was, in contemplation of law, provided a fund from which the employee could have recourse if he were disabled by injury which arose out of or in the course of his employment as long as the injury was not willfully inflicted; he did not have to show that his right had been invaded or that a wrong had been committed. He himself might have been totally to blame. He simply showed a set of prerequisite conditions to share in the fund, to wit, accident plus injury plus disability arising therefrom, that the accident arose out of or in the course of his employment, and that the employer had three or more workmen working for him. There was, in contemplation of law, a fund to which the employee could have recourse if he proved the foregoing prerequisite conditions. See *Industrial Commission* v. *Evans*, 52 Utah 394, 174 P. 825. Section 6468, supra, first appeared in our law in 1872, many years before such conceptions as those involved in Compensation Law were thought of in this or perhaps any other state. The Utah Cons. Min. Co. case, therefore, wrongly held an application for compensation to be an action or a special proceeding of a civil nature as the law had contemplated the use of such terms.

But, even if the decision had been correct in such conception, it was wrong in another. It held the accident to start the running of the one-year statute. If an application could be conceived of as an action or as a special proceeding of a civil nature within the terms of section 6468, supra, still, necessarily, the action could not have been brought until a

cause of action or a cause for the action had arisen. Juridical conceptions always involved the idea that before a person could exercise his secondary right of resorting to the courts to redress a wrong, which was known as an action, there had to be a cause of the action. As stated above, this was, in juridical conception, an invasion of a right, such as trespass of the person, a breach of a contract, or innumerable other acts ranging over a large field of duties and invasions. A mere event would not be a cause of an action unless it involved a wrong; that is, the invasion of a right. That was the reason in many cases that it took a demand to raise the cause of action. For instance, where a person held another's property rightfully, but the first person had the right to repossess himself at any time, he could not bring conversion until he had made demand for the return of his property. It was not the holding of the other's property in bailment that made the cause of action, but the refusal to return it when the person had the right to have it returned.

In the case of compensation, no action could arise until the cause for the action arose. The cause for the action could not arise until these three things happened: Accident plus injury plus disability arising from the injury. Where there was an accident and injury, but no disability, the cause for an application or, if you please, an action, had not yet arisen. It was the unity of the three which had to be complete before a cause of action arose. Then certainly, if demand to participate in the fund was refused, a cause of action then would arise. But it certainly could not arise before the disability, one part of the triumvirate of factors, had come into existence. The Utah Consolidated Min. Co. case actually held that the time ran from the accident, so that, if the disability did not arise within a year, which might be quite frequently the case in slowly developing toxic or other conditions due to the injury, the employee would actually have to bring his action before the cause of action arose. The statement shows its absurdity. By the same holding the time to begin a prosecution for involuntary or voluntary manslaughter would be-

gin to run from the assault and not from the death, even though the latter did not occur until a period beyond the assault greater than the statute of limitation.

The difficulty with the decision is that the court assimilated it to the case where the circumstances surrounding an accident involve wrongful conduct, such as an automobile collision. In a case where a surgeon, in performing an operation, leaves an instrument or a gauze inside the patient, even though it might not become apparent until after the statute of limitations has run, yet the cause arises at the time of the operation. But in the case of compensation the cause is not the accident, but the accident plus injury plus disability. Even in the surgical cases mentioned, it has been considered that the cause is a continuing one as long as the foreign body remained inside the patient.

To my mind the Utah Consolidated Min. Co. case was wrongly reasoned and laid down a rule which has caused injustice to entirely innocent persons. It has prevented employees from obtaining compensation when they were entitled to it. The instant case is an excellent example if the loss of this man's hand and probably successive parts of his arm is traceable to the accident to the wrist. In my opinion, we should face the issue squarely by overruling the Utah Consolidated Min. Co. case rather than to go through judicial gyrations wherever possible to avoid doing an injustice and finding ourselves at times, in spite of every gyration, prevented from doing justice because of this decision.

To my mind, a cause of action does not arise in compensation until demand is made either through an application or otherwise and the demand is refused, or at least until the disability arises. Even where there is no statute of limitation, I believe that application would have to be made within a reasonable time after disability arose.

For the reasons above stated, I think the petition for rehearing should be granted.