FRANK BAUR, RESPONDENT-PROSECUTOR, v. THE COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF ESSEX, AND JOSEPH McDONOUGH, CLERK OF SAID COURT OF COMMON PLEAS, AND GEORGE SCHONLER, DEFENDANTS.

Submitted December 3, 1914—Decided October 14, 1915.

1. The act of 1913, amending the Workmen's Compensation act of 1911, which requires that in case of personal injury or death all claims for compensation on account thereof shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable under the act, or unless within one year after the accident one of the parties shall have filed a petition for adjudication of compensation as provided by the act, is not applicable to cases of accidents which have happened prior to the taking effect of the amendment of 1913.

2. The act of 1913, above referred to, does not contain any words which would give it a retrospective operation, and consequently, does not limit claims for compensation under the act of 1911 on the expiration of one year after the act of 1913 went into operation.

3. The proceeding under the act of 1911, known as the Workmen's Compensation act, is one unknown to common law and clearly in derogation of it and can hardly be said to fall within the classification of any of the actions enumerated in the statute of limitations.

4. Where an accident occurs under the Workmen's Compensation act of 1911 and previous to the taking effect of the amendment of 1913, and the court finds that there was disability partial in character but permanent in quality, the weekly payments are to be made from the · time of the adjudication in the Court of Common Pleas and not from the time of the accident.

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Beecher & Bedford.*

For the defendants, *John V. Laddey.*

The opinion of the court was delivered by

KALISCH, J.    The Workmen's Compensation act of 1911 did not contain any limitation on the time within which a petition for compensation in a case under the act may be filed.

In 1913, the legislature amended the act of 1911, in that it required that in case of personal injuries or death all claims for compensation on account thereof shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable under the act, or unless within one year after the accident one of the parties shall have filed a petition for adjudication of compensation as provided by the act.    *Pamph. L.* 1913, *p.* 314.

The petitioner in the present case was injured on the 24th day of November, 1911, while in the employ of the prosecutor, and filed his petition for compensation April 15th, 1914, more than two years after the occurrence of the accident. The trial judge gave judgment for $342.20, payable at the present time, with interest from August 30th, 1912.

The first contention of counsel for the prosecutor is that the petitioner's claim was barred, and also that the filing of the petition was contrary to the express provision of the statute.

The argument made to support this contention is, in substance, that the legal effect of the introduction of the limitation clause of one year into the act of 1913 was to limit all claims for compensation under the act of 1911, on the expiration of one year after the act of 1913 went into operation.

But this plainly ignores the essential fact that the act of 1913 does not contain any words which would give to it a retrospective operation. The statute in unequivocal terms points to cases arising under the Workmen's Compensation act, after the amendment goes into effect.

The well recognized and established rule is that a statute shall have prospective effect only.

It is well stated in *Williamson* v. *New Jersey Southern Railway Co.*, 29 *N. J. Eq.* 311, in which the cases dealing with the subject are collated by Judge Depue, in the opinion, and where that learned jurist takes occasion to quote the language of Judge Paterson (on *p.* 333), as follows: "This rule ought especially to be adhered to when such construction will alter the pre-existing situation of the parties, or will affect their antecedent rights, services or remuneration."

In *Wilson* v. *Herbert*, 41 *N. J. L.* (on *p.* 458), Judge Depue, in commenting upon the effect to be given to the third section of the act entitled "An act relative to statutes" (4 *Comp. Stat.*, *p.* 4971), says: "It saves rights, vested and accrued, under an existing statute from the effect of its repeal and provides for the adoption of any new course of practice or procedure which shall have been subsequently established for the enforcement of such right."

What was meant by that part of section 3 which reads: "Except that where a course of practice or procedure for the enforcement of right, or the prosecution of a suit shall be changed, actions now pending or hereafter commenced shall be conducted as near as may be in accordance with such altered practice or procedure," was declared by our Court of Errors and Appeals, in *Barnaby* v. *Bradley & Currier Co.*, 60 *N. J. L.* 158, by Judge Depue, who, in speaking for the court (on *p.* 161), said: "This statutory provision preserves intact from future legislation rights vested or accrued under

existing legislation, except 'where the course of practice or procedure for the enforcement of such right or prosecution of such suit shall be changed.' This exception refers to practice or procedure in the conduct of the suit, and not practice or procedure which directly affects the right which the statute was designed to protect. *Wilson* v. *Herbert,* 41 *N. J. L.* 455, 457."

The present case presents this situation, that before the amendment of 1913, the petitioner, in a case arising under the act of 1911, was not limited in time within which to inaugurate a proceeding for compensation, and that if we should give retroactive effect to the amendment, the petitioner will be deprived of a right to compensation which inured to him under the act of 1911. This right was a vested one of which he could not be lawfully deprived.

It is a matter of no importance in the case *sub judice* whether or not the statutory limitation of six years applicable to actions upon contract applies to this proceeding under the act of 1911, for if it does, then the petitioner had four years, approximately, more in which to institute the proceedings, but if it does not, then the petitioner had unlimited time within which to do so.

It will not be out of place, however, to call attention to the fact that the proceeding under the act of 1911 is one unknown to the common law and clearly in derogation of it. It can hardly be said to fall within the classification of any of the actions enumerated in the statute, and contemplated by the legislature.

The proceeding is neither an action upon contract nor one of tort, but rather what the statute creating it makes it— that is, a proceeding to enforce a statutory duty or obligation, arising out of the relations of the parties, the basis of which is a contract, express or implied. The views expressed result in the conclusion that the limitation in the amendment of 1913 did not affect the petitioner's right to compensation and to file a petition therefor under the act of 1911, even though the limitation, within which a petition shall be filed, as fixed by the amendment, had expired.

As to the claim of the prosecutor that the trial judge erred in allowing $9 a week as being fifty per cent. of the weekly earnings of the petitioner, instead of $7.50, a glance at the facts underlying the court's determination is convincing that the allowance is a proper one. The petitioner received in wages $15 per week besides his board. The trial judge found that the value of the board was $3 a week which, together with the weekly wages received by the petitioner, made the petitioner's weekly earnings $18.

It is next urged by the counsel for the prosecutor that "the court erred in giving judgment for a lump sum due and payable at the present time."

The argument brought forward to sustain this contention is, that the error was not in giving judgment for a lump sum, but in not making allowance for the difference in value between the lump sum to be presently paid and the value of the weekly payments to be made thereafter.

*Banister Company* v. *Krieger,* 84 *N. J. L.* 30, and the same case on a motion for rehearing reported in 89 *Atl. Rep.* 924, and *Muzik* v. *Erie Railroad Co.,* 85 *N. J. L.* 129, are cited to support this contention.

In the opinion on the rehearing in *Banister Company* v. *Krieger, supra,* this court held that where the disability is partial in character, but permanent in quality, the weekly payments are to be made from the time of the adjudication in the Court of Common Pleas. The reason for this is stated, in the opinion, thus: "Necessarily so, because in many cases under the head (section 11c) the amount cannot be ascertained except by the judgment of the court, and there is no statutory authority for giving that judgment a retroactive effect."

It is practically conceded in the brief of counsel for the petitioner-defendant that the present judgment derives no support from the act of 1911. The contention is that it is warranted by the amendment of 1913, and that since the amendment is a regulation of procedure, it is applicable to cases under the act of 1911, and therefore the case of *Banis-*

*ter* v. *Krieger, supra,* and cases following it are no longer applicable.

The amendment relied on is paragraph 14 (a) of the Workmen's Compensation act (*Pamph. L.* 1913, *p.* 307) and reads:

"Compensation for all classes of injuries shall run consecutively and not concurrently, as follows: First two weeks, medical and hospital services and medicines, as provided in paragraph 14. After the first two weeks, compensation during temporary disability. Following both, either or none of the above, compensation consecutively for each permanent injury. Following any or all, or none of the above, if death results from the accident, expenses of last sickness and burial. Following which compensation to dependents, if any. In no case shall the total number of weekly payments be more than four hundred."

If this be the effect of the amendment, then it is clear that it imposes a greater and different burden on the prosecutor than existed at the time his liability was incurred under the act of 1911, and to give force and effect to it in the present case would result in a clear violation of a vested right of the prosecutor.

The compensation to be awarded in the case at bar must be made under and according to the provisions of the act of 1911.

The judgment should be reversed and the record remanded to the Court of Common Pleas, to be proceeded with according to law. No costs will be allowed.