WAGNER v. AMERICAN BRIDGE CO.

(Supreme Court, Appellate Division, Second Department.   May 12, 1916.)

1. MASTER AND SERVANT ⬥385(1)—WORKMEN'S COMPENSATION—INJURIES.

Under Workmen's Compensation Law (Consol. Laws, c. 67), the employer or his insurer is to provide compensation for all personal injuries that involve permanent or temporary disability whether total or partial; the schedule to section 15, enumerating particular injuries, not being exclusive.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬥385(1).]

2. MASTER AND SERVANT ⬥401—WORKMEN'S COMPENSATION ACT—ACTION—COMPLIANCE WITH ACT AS DEFENSE—DEMURRER.

Where an employer, when sued for an injury resulting in permanent total deafness in one ear, answered that he had complied with the Workmen's Compensation Law, the court cannot, on demurrer to the answer, say that the injury is excluded from said law.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬥401.]

Appeal from Special Term, Kings County.

Action by Hugo Wagner against the American Bridge Company. From an order sustaining plaintiff's demurrer to a separate defense, defendant appeals. Reversed, and demurrer overruled.

Defendant employed plaintiff as a machinist in its Brooklyn plant. The complaint stated that about November 16, 1915, while plaintiff was engaged about a friction saw used for cutting metal beams, one of the boxes upon the shaft suddenly broke, letting the revolving saw fall down and strike its bed, by which it broke into fragments, so that the guard on the machine flew off and struck plaintiff on the head, causing him great pain and anguish; "that said blow upon plaintiff's head injured his left ear so that he has been rendered totally deaf in that ear, and has thus been permanently injured," to his damage $5,000.   Plaintiff made various charges of fault against defendant, denying any contributory negligence, and averred service of a notice under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204).   After various denials, the answer pleaded as a separate defense that defendant conducted the business of the manufacture and assembly of structural iron and steel, and at all said times plaintiff was an employé of defendant engaged in that business; that defendant had complied with all the provisions of chapter 67 of the Consolidated Laws of the state of New York for securing payment of compensation to any and all its injured employés.   The plaintiff demurred to this separate defense on the ground that the same was insufficient in law on its face.   The Special Term sustained this demurrer, from which order defendant appeals.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

William W. Corlett, of New York City (Henry M. Kidder, of New York City, on the brief), for appellant.

Sherwood O. Chichester, of New York City, for respondent.

PUTNAM, J.   The Workmen's Compensation Law requires the employer (article 2) to provide compensation for injuries sustained, or death incurred, by the employés engaged in the enumerated hazardous employments, including under group 21 the manufacture of structural steel—in which this plaintiff was employed.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

By section 10, every employer, subject to the provisions of this chapter, is to pay, or provide, compensation according to the schedules of this article for the disability or death of his employé resulting from an accidental personal injury sustained by the employé "out of and in the course of his employment," without regard to fault as a cause of such injury. Such liability for compensation is declared to be "exclusive," unless the employer fails to secure the statutory compensation as provided under section 50, when the injured employé "may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury" (section 11). The ordinary tort rule of "no liability without fault" sufficed for the earlier and simpler relations of employment. But the increasing loss of life and limb in modern industrialism enabled us slowly to grasp the humane idea of liability merely from the nature of the work. As the perils of a seaman's life give him the right to cure and maintenance at the expense of the ship (The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760), so the employer in the specified trades, as an incident of his enterprise, must compensate his workmen for their injuries in the employment. The prior right to sue gives place to this substitute, to be administered without the expense, uncertainties, and delay of litigation, involving the risk of defeat if unable to make out actionable negligence. This new remedy is constitutional. Matter of Jensen v. Southern Pacific Co., 215 N. Y. 514, 109 N. E. 600, L. R. A. 1916A, 403.

[1] The point of the demurrer, therefore, is whether this statute affords compensation for an accidental personal injury sustained by the employé in the course of his employment which results in permanent total deafness in one ear. Section 15 establishes a schedule of compensation in terms of the average weekly wages for different classes of injuries, viz.: (1) Cases of total permanent disability; (2) temporary total disability; (3) permanent partial disability; and (4) temporary partial disability. Under the class of permanent partial disability are enumerated losses of different bodily members, with a scale of compensation measured by wages, varying according to the degree of injury and deprivation. Then follows:

"*Other Cases.* In all other cases in this class of disability [i. e., permanent partial disability], the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the commission on its own motion or upon application of any party in interest."

The employer, or his insurer, is to provide compensation for all personal injuries that involve permanent or temporary disability, whether total or partial. The particular injuries set out in the schedule are merely examples to aid in administering the statute. The enumeration does not profess to be exclusive.

[2] The jurisdiction to construe the Workmen's Compensation Law ordinarily is exercised through appeals from the decision of the Workmen's Compensation Commission (section 23). Nevertheless it arises here incidentally. On these pleadings, we cannot hold that the injury

sued for is excluded from the terms of that statute. Hence, on demurrer, this defense is not on its face insufficient. Shinnick v. Clover Farms Co., 169 App. Div. 236, 154 N. Y. Supp. 423, relied on below, was where a horse had bitten an employé's ear, causing a part to be amputated. Although this left a disfigurement, it did not impair the injured person's efficiency, and therefore his injury did not come in the class of scheduled disabilities. However, total deafness, the gravamen of this complaint, obviously impairs plaintiff's industrial efficiency. The amount and extent of this disability, as gauged by the wage-earning capacity, could be ascertained in like manner as other disabilities which now are being compensated by the Commission.

The order should be reversed, with $10 costs and disbursements, and the plaintiff's demurrer overruled, with $10 costs. All concur.