UTAH CONSOL. MINING CO. et al. v. INDUSTRIAL COMMISSION OF UTAH.

No. 3531. Decided December 15, 1920. (194 Pac. 657.)

LIMITATION OF ACTIONS—GENERAL LIMITATION ACT HELD APPLICABLE TO PROCEEDINGS UNDER COMPENSATION ACT. Although the Utah Industrial Act fixes no limitation within which a proceeding for compensation must be commenced, such a proceeding must be commenced within one year under the general limitation statute, Comp. Laws 1917, § 6468, as to liability created by statute, regardless of whether the proceeding be denominated an action or a special proceeding of a civil nature, under section 6492.

Proceedings under the Industrial Act to recover compensation for the death of Gaetano Parone, employé, opposed by the Utah Consolidated Mining Company, employer, and the Bankers Trust Company, as receiver for the Guardian Casualty & Guaranty Company. An award was made to For-

280                SUPREME COURT OF UTAH            [Dec.

Utah Consol. Min. Co.' v. Ind. Comm., 57 Utah 279

tunata Parone, decedent's widow, a rehearing was denied, and the employer and the receiver bring writ of review.

AWARD VACATED and commission directed to deny petition for compensation.

*Van Cott, Riter & Farnsworth*, of Salt Lake City, for plaintiffs.

*Dan B. Shields*, Atty. Gen., and *Olson & Lewis*, of Salt Lake City, for defendant.

THURMAN, J.

On July 15, 1917, one Gaetano Parone, while in the employ of the plaintiff mining company, was killed in an accident arising out of and in the course of his employment. The mining company was within the provisions of the Utah Industrial Act (Comp. Laws 1917, tit. 49, as amended by Laws 1919, c. 63), and was insured by the Guardian Casualty & Guaranty Company. This company has since been succeeded by the Bankers' Trust Company, plaintiff herein.

The deceased, Parone, was an Italian. His dependents, if any he had, resided in Italy. No steps of any kind were taken to recover compensation for his death until October, 1918. At that time proceedings were commenced before the Industrial Commission (hereinafter called commission), and various steps taken from time to time until July 30, 1920, when the commission made an award in the sum of $4,500 to one Fortunata Parone, as widow of the deceased.

Plaintiffs in this action applied to the commission for a rehearing, which application was denied. The case comes before us on a writ of review, and it is contended by plaintiffs in their application that the commission exceeded its jurisdiction in making the award.

Various and numerous objections are urged by plaintiffs, and the same appear to have been seasonably made in the proceedings before the commission.

The principal objection made by plaintiffs, and one which is controlling if their contention is correct, is that the action, if action it may be called, for compensation, was not commenced in time. At the very threshold of the proceeding before the commission, plaintiffs herein interposed a plea of the statute of limitations.

It is conceded by both parties that the Utah Industrial Act itself fixes no limitation within which a proceeding for compensation may be commenced. The general statute, however, contains the following provision upon which plaintiffs rely (Comp. Laws Utah 1917, § 6468):

"An action for liability created by the statute of a foreign state or by the statute of this state other than a penalty or forfeiture under the laws of this state shall be begun within one year."

There can be no denial of the fact that the Utah Industrial Act created a liability that had no existence prior to the enactment of the law. But it is contended by the commission that a proceeding before it to recover compensation for an injury under the Industrial Act is not an "action" within the meaning of the statute above quoted.

It is practically conceded by both parties to the litigation that the question under review is one of first impression. It is unquestionably so, so far as this jurisdiction is concerned. Nor has our attention been called to any decision from the court of a sister state or other jurisdiction that sheds light upon the question here presented. As bearing upon the meaning of the word "action" as used in the statute quoted, plaintiffs rely on Comp. Laws Utah 1917, § 6492, which is a part of the general statute of limitations. The section reads:

"The word 'action' as used in this chapter, is to be construed, whenever it is necessary to do so, as including a special proceeding of a civil nature."

It is contended by plaintiffs that a proceeding before the commission for compensation under the Industrial Act is, at least, "a special proceeding of a civil nature," and therefore within the meaning of the statute of limitations. There is much force in this contention. The Utah' statute of limitations is broad and comprehensive. It seems as if the Legis-

lature intended that, wherever a remedy was provided for a wrong or recovery on a liability, there should be a limitation of time within which the party injured could resort to the remedy. We can conceive of no reason why there should not be a limit of time within which a proceeding for compensation under the Industrial Act should be commenced, as well as in actions and proceedings outside of the act. Every possible reason that calls for a limitation of time in the one case applies with equal force to the other. For this reason we are inclined to the view that in passing the Industrial Act the Legislature intended that the general statute of limitations should apply.

Counsel for the commission cite the case of *Bauer* v. *Common Pleas of Essex*, 88 N. J. Law, 128, 95 Atl. 627. This case lends no support to their contention. The New Jersey Workmen's Compensation Act of 1911 (P. L. 134) had no provision limiting the time within which proceedings to recover compensation should be commenced. In that respect the statute was similar to ours. The injury for which compensation was sought in that case occurred in November, 1911. The act was amended in 1913 (P. L. 302), providing, in effect, that proceedings should be commenced within one year from the date of the accident unless the compensation was adjusted by agreement within that time. The party injured did not file his petition for compensation until April, 1914, more than a year after the amendment of 1913 went into operation. The statute was interposed as a bar to the petitioner's claim, and the contention was made that the proceedings should have been commenced within one year from the time the amendment took effect. The court held that this contention should not prevail because the law of 1911, in force when the accident occurred, did not limit the time within which the proceeding should be commenced, and that the law of 1913, fixing a limitation, had no provision giving it retroactive effect. If that were all there is to this decision, there would be more force in the contention here made by defendant's counsel. The court in deciding the question, however, not only noted the fact that the New Jersey Compensation Act

of 1911 had no provision limiting the time within which pro-
ceedings should be commenced, but also took into considera-
tion the fact that there was no statute whatever in New Jer-
sey covering the case.   On page 131 of 88 N. J. Law, on
page 628 of 95 Atl., the court says:

> "It will not be out of place, however, to call attention to the
> fact that the proceedings under the act of 1911 is one unknown
> to the common law and clearly in derogation of it.   *It can hardly
> be said to fall within the classification of any of the actions enu-
> merated in the statute, and contemplated by the Legislature.*"
> (Italics ours.)

The court then proceeds to further elaborate the same idea
to the effect that the act of 1911 imposed a statutory duty
or obligation not covered by any statute of limitations.   In-
stead of lending support to the contention of defendant's
counsel, in my opinion, it affords some support, at least in
a negative way, to the contention of counsel on the other side.
The reasonable inference is that, if there had been a statute
of limitations in New Jersey covering a liability created by
statute, the New Jersey court, in the case referred to, would
have reached a different conclusion.

It certainly should not be a subject of controversy that the
Legislature in enacting section 6468, subd. 1, enacted it to
cover any statutory liability that might thereafter be created,
where the act creating the liability did not provide a special
limitation.   Whether or not the enforcement of the liability
so created should take the form of an action and be pros-
ecuted in a regular judicial tribunal, or be denominated a spe-
cial proceeding of a civil nature and be prosecuted before the
same or some other tribunal created for the same purpose,
is not a controlling feature of the case.   In our opinion it
was the manifest intention of the Legislature to limit the
time within which a proceeding might be commenced to en-
force a liability created by statute without regard to the
form of the proceeding or the character of the tribunal
charged with its enforcement.   Whether the proceeding be
denominated an "action" or a "special proceeding of a civil
nature," it is not necessary to determine in the instant case.

It is certainly one or the other and in either case it falls within the statute.

We are of the opinion that the right to recover compensation in this case is barred by the statute of limitations relied on by plaintiffs, and that the commission exceeded its jurisdiction in making the award. As this disposes of the case for all purposes, it is not necessary to pass upon the other questions presented by the petition.

For the reasons stated, the award is vacated and set aside, and the commission directed to deny the petition for compensation.

. CORFMAN, C. J., and FRICK and GIDEON, JJ., concur.

WEBER, J., being disqualified, did not participate herein.