BUZZN *v.* MUNCEY CARTAGE CO.

MUNCEY CARTAGE CO. *v.* WAYNE CIRCUIT JUDGE.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—RIGHT OF ACTION ON AWARD.

   Person in whose favor award is made under workmen's compensation act may bring suit thereon as on common-law arbitration.

2. SAME—OPTIONAL TO PROCEED UNDER STATUTE OR SUE AS ON ORDINARY CONTRACTUAL OBLIGATION.

   It is optional with person in whose favor award is made under workmen's compensation act to take judgment by *ex parte* certification of award to circuit court as provided by 2 Comp. Laws 1915, § 5466, or bring suit thereon as on ordinary contractual obligation.

3. LIMITATION OF ACTIONS—STATUTES SHOULD BE FAIRLY CONSTRUED.

   Statutes of limitation are to be fairly construed, and should not be defeated by over-strictness of construction.

4. SAME—APPLICABLE TO AWARDS UNDER WORKMEN'S COMPENSATION ACT.

   Statute of limitations (3 Comp. Laws 1915, § 12323) providing that all actions shall be commenced within six years after they accrue, and not afterwards, is applicable to awards under workmen's compensation act.

5. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—JUDGMENT ON AWARD BARRED BY STATUTE OF LIMITATIONS.

   Where nothing had been paid on award under workmen's compensation act, and last payment was due more than six years before award was certified to circuit court under 2 Comp. Laws 1915, § 5466, judgment thereon was barred by statute of limitations (3 Comp. Laws 1915, § 12323).

Mandamus by the Muncey Cartage Company and the Massachusetts Bonding & Insurance Company to compel DeWitt H. Merriam, Wayne circuit judge,

---

On applicability of statute of limitations to actions or proceedings under workmen's compensation acts, see annotation in 16 A. L. R. 462; 40 A. L. R. 495.

to vacate a judgment based on an award of the Industrial Accident Board. Submitted June 6, 1929. (Calendar No. 34,248.) Writ granted October 7, 1929.

*Howard Farrell,* for petitioner.

*Sol. Blumrosen,* for respondent.

NORTH, C. J. In November, 1915, an award payable in 300 weekly installments was made to George Buzzn and Ganski Flor Buzzn by the industrial accident board, now the department of labor and industry. The regularity of the proceeding resulting in the award is not questioned. No payments were made on this award and nothing further done relative thereto until October 25, 1928, when in accordance with the statute (2 Comp. Laws 1915, § 5466), the award was certified to the circuit court of Wayne county, where the accident occurred, and judgment entered thereon by the respondent. Upon being served with a copy of the judgment, the relators herein moved to set the judgment aside on the grounds that the claim or award for compensation was barred by the statute of limitations, and that the plaintiffs were guilty of laches. This motion was denied by the respondent and the relators seek by mandamus a reversal of the order entered.

If the statute of limitations is applicable to the award the writ must issue. Respondent held it was inapplicable. It is settled law in this State that the person in whose favor the award is made may bring "suit upon the award as upon a common-law arbitration." *Crane* v. *Leonard, Crossette & Riley,* 214 Mich. 218. Our statute of limitations reads:

"All actions in any of the courts of this State shall be commenced within six years next after the

causes of action accrue, and not afterwards'' (with certain exceptions here not material). 3 Comp. Laws 1915, § 12323.

Under its terms the last of the payments was due on this award more than six years. before it was certified to the circuit court. It was optional with the plaintiffs whether they would take judgment by *ex parte* certification of the award to the circuit court as provided by statute (2 Comp. Laws 1915, § 5466), or bring suit thereon as on an ordinary contractual obligation. *Crane* v. *Leonard, Crossette & Riley, supra.* In either event they would be taking the necessary proceeding to enforce their award which was nothing more than a cause or right of action. In creating this statutory right of action, the legislature must be presumed to have been mindful of the provision in the statute of limitations which requires that *all actions* shall be commenced within six years next after "the causes of action accrue, and not afterwards." Had the legislature intended to exempt this particular right of action from the limitations already provided by the statute, it could and doubtless would have so provided in plain terms. This statutory right of action had its origin in the contractual relations of the employer and employee; and the time within which it must be enforced is governed by the statute above quoted. This holding is in accord with the following decisions: *Strizich* v. *Zenith Furnace Co.,* 176 Minn. 554 (223 N. W. 926); *Federal Rubber Co.* v. *Industrial Commission,* 185 Wis. 299 (201 N. W. 261, 40 A. L. R. 491); and *Utah Consol. Mining Co.* v. *Industrial Commission,* 57 Utah, 279 (194 Pac. 657, 16 A. L. R. 458).

Counsel for respondent relies upon *Baur* v. *Common Pleas of Essex,* 88 N. J. Law, 128 (95 Atl. 627); but a careful reading discloses that this case does not adjudicate and is not an authority upon the question here involved. That the New Jersey case is not in point is noted and commented upon somewhat at length in *Utah Consol. Mining Co.* v. *Industrial Commission, supra.*

There is nothing in the so-called workmen's compensation act (2 Comp. Laws 1915, § 5423 *et seq.*) which would justify an inference that the operation of the existing statute of limitations does not apply to the rights accruing under the act. In fact, in so far as the workmen's compensation act itself contains limitations, the period within which action must be taken is shortened rather than lengthened. One of the objects of this statute is to provide a simple and speedy procedure for the recovery of compensation. Statutes of limitations are to be fairly construed; and they should not be defeated by over-strictness of construction. *Palmer* v. *Palmer,* 36 Mich. 487 (27 Am. Rep. 605); *Toll* v. *Wright,* 37 Mich. 93; *McKisson* v. *Davenport,* 83 Mich. 211 (10 L. R. A. 507). The purpose of these statutes is to deny a remedy to a party who has been unreasonably negligent in asserting his rights. Such statutes are founded not only on the presumption or probability that the claim asserted has been satisfied; but also on the inexpediency of permitting a stale claim to be prosecuted after long acquiescence. A statute of limitations is one of repose as well as one of presumption. *Jenny* v. *Perkins,* 17 Mich. 28. There is every reason for holding that the statutory right here sought to be enforced is within the statute of limitations above quoted.

We conclude that the motion to vacate the judgment entered in the circuit court of Wayne county should have been granted, and the writ must issue as prayed, with costs against George Buzzn and Ganski Flor Buzzn.

FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.