JAMES E. MYERS, JR. *vs.* PETER R. WARREN & another.

Middlesex.     January 19, 1931. — June 1, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, Laches, Statute of limitations. *Limitations, Statute of. Practice, Civil*, Amendment of action into suit in equity. *Equity Pleading and Practice*, Parties.

From 1917 to 1919 goods were sold to a man. In 1919, he organized a corporation which assumed his indebtedness to the vendor and made a payment on account. In 1923, the vendor commenced an action against the man and an action against the corporation for the balance due. The corporation was served with process, appeared and answered shortly thereafter. The officer returned the writ against the man without service, having been unable to find him after diligent search. The man, although he remained domiciled in this Commonwealth, moved about from place to place, and the plaintiff, upon inquiries from time to time, was unable to find him until June, 1929, when service of process was made upon him in hand. At that time the plaintiff was permitted to consolidate the actions and amend them into a suit in equity to recover the same balance as sought in the actions. Subsequently, after hearing by a master, a final decree was entered in favor of the plaintiff against both the defendants. Upon appeal by the corporation, it was *held*, that

(1) It could not be said that a finding, that the plaintiff was not guilty of laches, was improper;

(2) The placing of the writs in the hands of the officer for immediate service thereof suspended the operation of the statute of limitations until the proceedings so begun came to an end;

(3) So far as the statute of limitations was concerned, the amendment of the actions into a suit in equity did not constitute a termination of the actions nor the commencement of new proceedings: the cause of action was the same and the parties were unchanged, although one was brought into court who had not before been legally compelled to attend;

(4) The plaintiff was not barred by the statute of limitations;

(5) The decree was affirmed.

TWO ACTIONS OF CONTRACT. Writs dated December 3, 1923.

Service of the writs on the defendants, and proceedings in the Superior Court to amend into a suit in equity and to consolidate, are described in the opinion. The suit was referred to a master. By order of *Qua,* J., there were entered an interlocutory decree confirming the master's report and a final decree ordering the defendants to pay the plaintiff $3,036.34 with interest and costs. The defendants appealed from both decrees. The defendant Warren subsequently waived his appeals.

The case was submitted on briefs.

*S. Bamber,* for the defendant P. R. Warren Company.

*B. Levin & A. Sigel,* for the plaintiff.

WAIT, J. In December, 1923, the plaintiff, a resident in the State of Maine, began separate actions at law against Peter R. Warren, and P. R. Warren Company, a corporation of which Peter R. Warren was president. The writs bore date December 3, 1923. They stated an *ad damnum* of $5,000. They were returnable to the Superior Court at Cambridge on January 7, 1924. Both were placed in the hands of officers for service. Service was made on the corporation on December 14, 1923. Under date of December 22, 1923, the officer stated as a return on the writ against Warren that he had attached a chip as property of the defendant but, after diligent search, had been unable to find him and so returned the writ without further service. Declarations were filed on January 7, 1924, claiming the same amounts on the same items in both actions. The corporation, on January 12, 1924, answered a general denial and payment. Service in hand upon Warren was made June 13, 1929, upon an order of notice for the completion of service granted June 5, 1929. On May 15, 1929, the plaintiff moved for leave to amend his action at law against the corporation to a bill in equity, and on June 15 moved to consolidate the action against Warren with the case against the P. R. Warren Company. Both motions were granted on June 21, 1929; and, on the same day, the plaintiff filed his bill in equity against both defendants, annexing a statement of indebtedness, the same in amount

as the accounts annexed to his declarations but varying somewhat in the items. Warren answered on July 22, 1929.

The master to whom the case was referred filed his report on June 26, 1930. Hearings were had upon a motion to recommit for further findings on the question of laches, upon exceptions of the defendants, and upon the report. These resulted in the denial of the motion in an interlocutory decree overruling the exceptions and confirming the report, and in a final decree ordering payment by both defendants of the single sum found to be due, for which execution was to issue. The defendant Warren now has waived his appeals. The case is before us upon the corporation's appeals. It argues only the questions of laches and of the statute of limitations.

Its contentions are without merit. In the years 1917, 1918 and 1919 the plaintiff sold merchandise and rendered service to Peter R. Warren, doing business as the P. R. Warren Company, for which payment was due. In 1919 Warren organized the corporation, which took over his business and undertook the payment of this indebtedness. On June 2, 1919, it paid $1,000 on the account to the plaintiff, who, rightfully, applied it to the general account. *Day* v. *Mayo*, 154 Mass. 472. When suit was brought in 1923, the plaintiff intended to proceed promptly, but until 1929 was unable to locate Peter R. Warren and to obtain service. Warren moved from place to place, and for a time was in Europe, but he remained domiciled in Massachusetts throughout the entire period from 1917. The plaintiff had inquiries made from time to time in an effort to find Warren. We cannot properly say that the finding that he was not guilty of laches is wrong. Inasmuch as no harm has resulted to the defendants from the delay, as proceedings were begun with reasonable promptness, and as exertions have been substantially continuous to obtain service, there is no such laches as constitutes a good defence in equity. *Cohen* v. *Bailly*, 266 Mass. 39. *Calkins* v. *Wire Hardware Co.* 267 Mass. 52. See *Royal Bank of Liverpool* v. *Grand Junction*

*Railroad & Depot Co.* 125 Mass. 490; *Snow* v. *Boston Blank Book Manuf. Co.* 153 Mass. 456.

The law is settled that the beginning of legal proceedings to enforce payment of a debt tolls the running of the statute of limitations. *Gardner* v. *Webber,* 17 Pick. 407, 412. See G. L. c. 260, § 32; *Bullock* v. *Dean,* 12 Met. 15. Except in peculiar circumstances, none of which appears in the case before us, suing out a writ and putting it in the hands of an officer with a *bona fide* purpose of immediate service constitutes the beginning of legal proceedings and is sufficient to stop the running of a statutory period of limitation of actions. *Estes* v. *Tower,* 102 Mass. 65. *J. Cushing Co.* v. *Brooklyn Trust Co.* 235 Mass. 171. See *International Paper Co.* v. *Commonwealth,* 232 Mass. 7, 11; *Rosenblatt* v. *Foley,* 252 Mass. 188. Here writs were placed for service with officers expected to obtain that service before the return days. This was sufficient to suspend the operation of the statute from December, 1923, until the proceedings so begun came to an end. They did not end with the change to equity. The Superior Court had authority to permit that change. G. L. c. 231, § 55. The causes of action remained the same. The parties were unchanged, although one was brought into court who had not before been legally compelled to attend. No greater liability was imposed. There was no error in the orders for service, for consolidation or for transfer from the forum of law to that of equity. *Lumiansky* v. *Tessier,* 213 Mass. 182, 189. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 228 Mass. 584, 587. This element in the case is fully covered by the decision in *Smith* v. *Butler,* 176 Mass. 38, where, after actions at law begun against three of twenty-six owners of a vessel had been held not to be maintainable because the remedy was against all twenty-six by bill in equity, and where proceedings in equity against the twenty-six were then brought, it was held that the statute of limitations was a good defence to all except the three against whom the actions at law had been instituted before the period of limitation had run. "It is settled upon reason and authority that the conversion of a suit in equity into an action at law or *vice versa* is not

alone sufficient to constitute the beginning of a new action and that with respect to the statute of limitations it is a mere incident in the progress of the original case." *Friederichsen* v. *Renard*, 247 U. S. 207, 210.

> *Decrees affirmed with costs against the P. R. Warren Co.*