(No. 5982. March 6, 1934.)

FRANK ELDRIDGE, Appellant, v. IDAHO STATE PENITENTIARY, Employer, and STATE INSURANCE FUND, Surety, Respondents.

[30 Pac. (2d) 781.]

214

C. J. Schooler and Oppenheim & Lampert, for Appellant.

Thos. J. Jones, Jr., for Respondents.

GIVENS, J.—August 5, 1922, appellant while employed as a guard at the Idaho State Penitentiary, was struck on the head with a stone, by a convict, fracturing his skull, necessitating a decompression operation for the removal of a piece of his skull, and leaving an opening therein through which the pulsations from the brain could be felt. August 9, 1922, notice of the accident and claim for compensation was properly made and served upon the Idaho State Penitentiary, the employer, the State Insurance Fund, the insurance carrier, and filed with the Industrial Accident Board. Thereafter without further proceedings compensation in the amount of $756, for sixty-three weeks, to October 26, 1923, and hospital, medical, surgical and nursing charges in the sum of $465.25 were paid.

May 5, 1932, appellant requested the board to fix a time and place for hearing and that upon such hearing, an order or award be made by the board granting such relief as petitioner might be entitled to.

The fund's answer to such application admitted the employment, the circumstances of the accident, serving and filing of notice of the accident, and claim for compensation; that the state fund was the insurance carrier; that no compensation agreement had been reached between appellant and the employer or the fund; but denied that appellant was *totally* disabled after October 26, 1923; and further, by way of special defense, details the residence and employ-

ment of appellant for a time in Idaho and in California and his return to Idaho; his re-employment at the penitentiary; and that on October 26, 1923, a claimed summary and award was made by the board; and emphasized appellant's dereliction in seeking compensation after payments ceased, and on the basis of such allegations contended that appellant's claim was barred by sec. 6269, I. C. S., now sec. 43–1407, I. C. A., which statute is clearly inapplicable because no claim was or is made, nor was a hearing asked by appellant on the ground of change of condition.

▮▮▮▮ The fund also urges the claim is barred by sec. 6611, I. C. S., now sec. 5–218, I. C. A., subd. 1, which requires an action on a statutory liability to be brought within three years, evidently on the theory that appellant's application for hearing May 5, 1932, was a claim for compensation or that a hearing should have been had within three years of August 9, 1922. If the application for a hearing was the notice required by sec. 43–1202, I. C. A., it was too late because made sixty days after the accident, and if the above so-called summary award was such, and complied with sec. 43–1404, I. C. A., sec. 43–1408, I. C. A., bars relief because no appeal was taken within thirty days thereafter, which sections are concededly the only statutes of limitation in the Workmen's Compensation Law.

▮▮▮▮ If there be occasion to apply the general statute of limitations, sec. 5–218, I. C. A., and none appears, respondents must accept the construction placed upon such statutes of limitations as applied to court actions (*McNeil v. Panhandle Lumber Co.,* 34 Ida. 773, at 786, 203 Pac. 1068; *Ybaibarriaga v. Farmer,* 39 Ida. 361, at 368, 228 Pac. 227; *In re Larson,* 48 Ida. 136, at 145, 279 Pac. 1087; *Brown v. Hardin,* 31 Ida. 112, at 115, 169 Pac. 293; *Hindman v. Oregon Short Line R. R. Co.,* 32 Ida. 133, at 136, 178 Pac. 837; *Chamberlin v. Ivens,* 36 Ida. 235, at 242, 210 Pac. 580) to the effect that the filing of the complaint or other similar pleading and service of process, if the filing of the complaint alone be not sufficient, stops the running

of the statute, and actions are not required to be finally disposed of or heard within the period of limitations. (37 C. J. 1051–6; *Idaho Trust etc. Bank v. Nampa & Meridian Irr. Dist.,* 29 Ida. 658, at 660, 161 Pac. 782; *Muir v. City of Pocatello,* 36 Ida. 532, 212 Pac. 345.)

Respondents' answer admitted:

"That the employer was notified of said accident on the 9th day of August, 1922, and that claim in writing, containing the name and address of the employee and the time, place, nature and cause of injury, signed by claimant, . . . . was made on the 9th day of August, 1922; and filed with the Industrial Accident Board.",

and also in their own words introduced in evidence the *original* claim for compensation and notice of compensation and summary and award and it is apparent that the application for hearing filed May 5, 1932, did not purport to be the original notice or claim contemplated or required by, sec. 43–1202, I. C. A., and while it is referred to as a summary and award, it was not an award, summary or otherwise, in compliance with the statute nor was it considered or relied on as such by the board; nor could such contention be upheld because the record does not show that any notice of any hearing in connection therewith was sent appellant, or that any hearing was in fact had; nor is there a transcript of the evidence, findings of fact, rulings of law, or any real determination of the extent of appellant's injuries, or the compensation to which he was entitled, or that a copy of the award was sent to the parties by *mail* or otherwise in accordance with sec. 43–1404, I. C. A.; nor was any defense interposed by respondents based upon the failure to appeal therefrom within the period prescribed by sec. 43–1408, I. C. A.

The facts in the authorities cited and relied upon by respondents are so different from the facts herein as to clearly distinguish such authorities and make their holdings inapplicable, and not supportive of respondents' position.

*Utah Consol. Min. Co. v. Industrial Commission of Utah,* 57 Utah, 279, 194 Pac. 657, 16 A. L. R. 458, held a claim

for compensation barred under sec. 6468, Comp. Laws of Utah 1917, similar to sec. 5–218, I. C. A., except the statutory period was one year instead of three, because no notice or claim was filed within one year from the date of the accident, and there being no statute of limitations in their Workmen's Compensation Law, as we have in sec. 43–1202, I. C. A.

██ *Federal Rubber Co. v. Industrial Com.,* 185 Wis. 299, 201 N. W. 261, 40 A. L. R. 491, said:

"The claim filed with the Commission and its enforcement is the substitute for the common-law action, and, being such, it is subject to the same period of limitations in the absence of a contrary legislative provision."

The court there apparently proceeds to apply the statute of limitations fixing the time for *commencement* of an action, to the *prosecution* (italics ours) of the action to judgment, which thought is contrary to the weight of authority[1] and is not supported by the cases cited as instance:

*Utah Consol. Min. Co. v. Industrial Com. of Utah, supra,* relied upon did not bar the action because of the failure to serve notice and file a claim and the supporting authorities therein cited sustain no other rule, that is on this one feature, thus; *Cooke v. Holland Furnace Co.,* 200 Mich. 192, 166 N. W. 1013, L. R. A. 1919E, 552, is based upon the failure to file a claim not the failure to thereafter prosecute the case or carry it to a final determination, the court re-

---

[1] Where legal proceedings are commenced to enforce a right before the statute has run against it, no lapse of time after the commencement of such proceeding will operate as a bar to the enforcement of that right. (37 C. J. 1051, sec. 473; *Myers v. Warren,* 275 Mass. 531, 176 N. E. 600; *Logan v. Yancey,* 161 Ga. 579, 131 S. E. 514; *Beck v. Tucker,* 147 Miss. 401, 113 So. 209; *St. Louis Southwestern Ry. Co. Limited v. S. H. Bolinger & Co. Limited,* 17 Fed. (2d) 924; *In re Gilman, Son & Co.,* 57 Fed. (2d) 294.) While the word "prosecute" is used in the Utah case it is evident it was used in the sense of "instituting" or "beginning" the proceeding, not carrying it on. (*Friel v. Alewel,* 318 Mo. 1, 298 S. W. 762; 37 C. J. 1054, sec. 479; 17 R. C. L. 809; 16 Cal. Jur. 539.)

ferring with approval to *Podkastelnea v. Michigan Cent. R. Co.,* 198 Mich. 321, 164 N. W. 418:

"We there reversed the award of the board on the ground that the claim for *compensation was not seasonably filed* and that the delay was not excused by the fact that the claimant was unable to personally make out and personally mail or. deliver the claim.", (italics ours)

and again to two Illinois cases (*Haiselden v. Industrial Board,* 275 Ill. 114, 113 N. E. 877; *Bushnell v. Industrial Board,* 276 Ill. 262, 114 N. E. 496):

"The Supreme Court of Illinois has had this question of limitation of time for *filing claim* before it, and has held such provision mandatory, and the claim barred, unless made within the time.", (italics ours)

and again:

"The New York act differs from our act with reference to the *giving of notice,* and patterns after the idea of the English Act.", (italics ours)

and concluding:

" ' . . . . The legislature, however, has deemed it proper and essential, under ordinary circumstances, that a *written notice* of disability and claim should be promptly served . . . . ' " (italics ours). (*Bloomfield v. November,* 219 N. Y. 374, 114 N. E. 805.)

*Baur v. Court of Common Pleas,* 88 N. J. L. 128, 95 Atl. 627, not only does not support the apparent holding in *Federal Rubber Co., supra,* but is absolutely contrary thereto, because it held that a statute passed in 1913, limiting the time within which to *inaugurate* a proceeding for compensation, would not be given retroactive effect to affect a claim which had accrued under an act of 1911, and likewise *State v. General Acc. etc. Assur. Corp.,* 134 Minn. 21, 158 N. W. 715, Ann. Cas. 1918B, 615.

*Ehrhart v. Industrial Acc. Com.,* 172 Cal. 621, 158 Pac. 193, Ann. Cas. 1917E, 465, did not consider the question of the statute of limitations with regard to filing a claim but, with regard to whether the commission could grant a

new hearing after the lapse of six months from the happening of the accident.

*Strizich v. Zenith Furnace Co.*, 176 Minn. 554, 223 N. W. 926, and *Buzzn v. Muncey Cartage Co.*, 248 Mich. 64, 226 N. W. 836, 837, did not consider a case like the one at bar, that is, failure to diligently prosecute, but evidently held, a general six-year statute of limitations applicable to a statute providing for the enforcement of an award by filing a copy of the award in the district court which thereafter has the effect of a judgment, similar to sec. 43–1410, I. C. A., and such was not the proceeding in the case at bar.

*Cooke v. Holland Furnace Co., supra,* on this point merely considered the question of whether or not notice of action or claim for compensation begins to run from the date of the accident or the date the injury appears, holding that the notice and claim must be filed within the prescribed time from the date of the accident, not the injury, and has been so restrictively construed in: *Pine v. State Industrial Com.*, 148 Okl. 200, 298 Pac. 276, 78 A. L. R. 1287; *Katsanos v. Industrial Com.*, 71 Utah, 479, 267 Pac. 781; *Martini v. Kemmerer Coal Co.*, 38 Wyo. 172, 265 Pac. 707; *Chmielewska v. Butte & Superior Min. Co.*, 81 Mont. 36, 261 Pac. 616; *Whitby v. Armour & Co.*, 114 Kan. 445, 219 Pac. 253; *Lough v. State Industrial Acc. Com.*, 104 Or. 313, 207 Pac. 354.

The fund in their answer to appellant's application for a hearing did not set up as a defense, laches, but they do argue it, so conceding without deciding that they are entitled to present it without having plead it, 21 C. J. 257; 10 R. C. L. 407; 10 Cal. Jur. 556, and that it is applicable to proceedings of this nature, as indicated above respondents must accept with their contended application of laches to proceeding of this kind, concomitant constructions of the application of laches in ordinary actions and this court has laid down the rule with regard to the defense of laches, in actions at law, in *Smith v. Faris-Kesl Const. Co., Ltd.*, 27 Ida. 407, 150 Pac. 25, wherein the complaint was filed May 6, 1907, and answer filed January 11, 1912, and laches was urged, that:

"Lapse of time alone is not sufficient to justify a dismissal of the action. In cases of this kind, when a defense of laches is sustained it is upon the theory that the delay, taken with the other circumstances in the case, is satisfactory evidence that the cause of action has been abandoned, or that it resulted in injury to someone not responsible for the delay, and where this theory, or presumption, is overcome by other facts and circumstances, the defense should not prevail. Laches has been defined in 18 Am. & Eng. Ency. Law, 2d ed., 97, as follows: 'Laches is such neglect or omission to assert a right as, taken in conjunction with the lapse of time more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity.' A part of the syllabus in the case of *Cole v. Ballard,* 78 Va. 139, is as follows: 'Laches is the neglect to do something which a party ought to do, and a mere lapse of time, unaccompanied by some circumstance affording evidence of a presumption that the right has been abandoned, is not considered laches.' "

This same doctrine, that is, that laches will not bar recovery, unless necessary to protect the rights of the party urging it, is reiterated in *Johansen v. Looney,* 31 Ida. 754, 762, 176 Pac. 778, thus:

" . . . . and that the doctrine of laches rests not alone upon the lapse of time, but upon the inequity of permitting the claim to be enforced . . . . "

"Where laches is plead as a defense, 'the facts and circumstances of each case must govern courts of equity in permitting such defense to be made. Lapse of time is an important element, but it is not controlling, it is only one of the controlling and important factors, and the courts should give proper and due regard to the surrounding circumstances and the acts of the parties and their relationship to the property involved in the controversy.' (*Bergen v. Johnson* [21 Ida. 619, 123 Pac. 484] *supra;* 21 C. J. 217.) In an earlier case Mr. Justice Ailshie thus stated the exception to the rule: 'As we understand the rule, however, it has this exception, that it is not invoked or applied by the courts in cases where it manifestly appears that its

application is not essential in order to protect the adverse party from being placed in a worse condition by reason of the delay than he would have been in had the action been prosecuted with greater diligence.' '' (*Federal Land Bk. of Spokane v. Bissonnette*, 51 Ida. 219, 223, 4 Pac. (2d) 364.)

*Just v. Idaho Canal etc. Co.*, 16 Ida. 639, 102 Pac. 381, 133 Am. St. Rep. 140, where *Parker v. Bethel Hotel Co.*, 96 Tenn. 252, 34 S. W. 209, 31 L. R. A. 706, is cited with approval. *American Min. Co., Ltd., v. Trask*, 28 Ida. 642, 156 Pac. 1136, 1138, where it is stated that, "it does not appear that appellants have, or that anyone else has, been injured or in any way placed to disadvantage by the delay." (See, also, 21 C. J. 221.)

In the case at bar there is no evidence whatever showing that the fund has been injured by the lapse of time or by the appellant's request May 5, 1932, that a hearing be had upon his original claim and notice, neither the board nor the court found that appellant had been guilty of laches and while they made no findings to the effect that he was not guilty of laches, they were correct in thus inferentially holding that his claim was not barred by laches nor is it. And excusing the delay there is this affirmative showing undenied:

Direct examination of Dr. Laubaugh.

"A. . . . . The lack of initiative is rather an outstanding thing with this type of case. They always, usually have their good intentions and at some future time are going to do certain things, but they don't get quite around to that."

"A. The typical course is one down-hill; indecision and inability to make judgments and then carry them through gets progressively worse. The individual is usually able to carry out instructions, but as time goes on they are less meticulous about those instructions. They slip here and there, and, until, finally, we see cases where they are not even able to go down to the grocery and bring home the groceries and remember what they have been sent for. It is a down-hill thing usually.

"Q. What about the permanency or non-permanency of this condition?

"A. Permanent."

The board found at the hearing: the employment of the appellant; date and nature of the accident; his rate of pay; the amount of compensation that he has heretofore received; and that appellant now has:

" . . . . a permanent injury consisting of an absence of the bone of the skull over an area approximately one and one-quarter inches by three-quarters of an inch in size and that said injury is not within the class of injuries in the schedule of injuries compensable under section 6234 Idaho Compiled Statutes, 1919, as amended." (Now sec. 43–1113, I. C. A.)

The board denied compensation under sec. 43–1113, I. C. A., evidently on the theory the injury sustained was not within the classes of specific injuries and indemnities set forth therein, no head injuries being specified. Such construction of similar statutes is supported by authority. (C. J. Pamphlet, Workmen's Compensation Acts, p. 96, sec. 90; *Northwestern Fuel Co. v. Industrial Com.*, 161 Wis. 450, 152 N. W. 856, Ann. Cas. 1918A, 533; *Rector v. Roxana Petroleum Corp.*, 108 Okl. 122, 235 Pac. 183.)

The Workmen's Compensation Law is, however, designed, to give aside from the specific indemnities enumerated in sec. 43–1113, I. C. A., compensation for:

"(1) Cases of total permanent disability; (2) temporary total disability; (3) permanent partial disability; and (4) temporary partial disability." (*Wagner v. American Bridge Co.*, 172 App. Div. 876, 158 N. Y. Supp. 1043, 1044.)

The board therefore properly granted appellant compensation for total temporary disability to May 17, 1924 (*Morris v. Muldoon*, 190 App. Div. 689, 180 N. Y. Supp. 319), on a justifiable showing as to his disability to work under sec. 43–1110 and sec. 43–1112, I. C. A. (*Flynn v. Carson*, 42 Ida. 141, 243 Pac. 818.)

While after the accident appellant worked intermittently both before and subsequent to May, 1924, the evidence shows, that the injury was permanent, and no

improvement in his condition after May, 1924, and that he was released several times from employment because of the effects of the injury. The evidence without dispute thus shows that the injury was at least as much partial, if not total after May, 1924, as before, and there is no showing except the intermittent employment, not by itself a sufficient bar, to compensation (*Chance v. Reliance Coal & Min. Co.*, 108 Kan. 121, 193 Pac. 889; *Gailey v. Peet Bros. Mfg. Co.*, 98 Kan. 53, 157 Pac. 431; *Dennis v. Cafferty*, 99 Kan. 810, 163 Pac. 461; *Burbage v. Lee*, 87 N. J. L. 36, 93 Atl. 859; 17 A. L. R. 205), why the board should have awarded merely twenty-nine weeks and two days additional time instead of fifty-seven weeks and' five days additional time making the full period of 150 weeks so limited by sec. 43–1112, I. C. A.

The judgment of the district court is therefore reversed, with directions to remand the cause to the Industrial Accident Board to enter an award in accordance herewith; costs awarded to appellant.

Budge, C. J., and Holden and' Wernette, JJ., concur.

Petition for rehearing denied.