STATE OF NEVADA, Appellant, *v.* HARTFORD ACCI-DENT & INDEMNITY COMPANY, Respondent.

No. 6185

December 8, 1970                    477 P.2d 592

*Harvey Dickerson,* Attorney General, *John G. Spann,* Deputy Attorney General, for Appellant.

*Parraguirre, Rose, Pico & Norwood,* and *Allan R. Earl,* of Las Vegas, for Respondent.

818·

## OPINION

*Per Curiam:*

This appeal is from an order granting summary judgment to the respondent because the appellant had failed to file its complaint within the time allowed in NRS 649.080[1] (now NRS 649.115).

Prior to July 1, 1966, the State of Nevada under the authority of NRS Chapter 649, granted a license to the Credit Bureau of Las Vegas, Inc., to do business in this state as a collection agency. As a condition of licensing, the credit bureau obtained a bond from the respondent, pursuant to the requirements of NRS Chapter 649. There was no application by the credit bureau for a renewal of its license. The license expired July 1, 1966. On that date the limitations of actions specified in NRS 649.080 commenced to run. From and after July 1, 1968, the limitations provided in NRS 649.080 barred all further actions. Not until July 22, 1968 did the appellant file its complaint against the respondent.

Initially the appellant contends that the respondent waived

[1]NRS 649.080: "1. The bond shall be in a form approved by the banking division of the department of commerce and conditioned that the applicant shall conduct his business in accordance with the requirements of this chapter.

"2. The bond shall cover all matters placed with the licensee during the term of the license so applied for, or a renewal thereof.

"3. No action shall be brought upon any bond after the expiration of 2 years from the revocation or expiration of the license.

"4. From and after the expiration of the period of 2 years, all liability of the surety or sureties upon the bond shall cease, provided no action shall have been commenced upon the bond before the expiration of the period."

the benefit of NRS 649.080 because it entered into an out-of-court settlement with Associates Discount Corporation at a time more than two years after July 1, 1966. The appellant overlooks the fact that Associates Discount Corporation's complaint had been filed before the running of the statute of limitation. NRS 649.080.

The filing of a complaint only tolls the running of the statute of limitations regarding all matters arising out of the transaction pleaded. Eldridge v. Idaho State Penitentiary, et al., 54 Idaho 213 (1934), 30 P.2d 781.

When Associates Discount Corporation filed their complaint, the statute was suspended as to them. However, their timely action did not suspend the operation of the statute as to others who might have legitimate claims. The fact that the trial or settlement of that corporation's claim occurred at a time beyond the running of the statute of limitations is not controlling because the statute was suspended only for that action.

Additionally the appellant contended that the notice of cancellation sent on September 1, 1966, by the respondent to the Secretary of State of the State of Nevada, waived the statute of limitations specified in NRS 649.080. This contention is also without merit. The notice of cancellation did not toll the operation of NRS 649.080.

The judgment is affirmed.